Catherine A. MADSON, petitioner,
Appellant,

v.

MINNESOTA MINING AND MANU-
FACTURING COMPANY, a Dela-
ware Corporation, Respondent.

No. CX–99–1508.

Supreme Court of Minnesota.

June 15, 2000.

Dennis Paul Pelowski #245744, Minneapolis, for appellant.

Kathleen M. Mahoney #66588, David M. Wilk #222860, Oppenheimer, Wolff & Donnelly, L.L.P., St. Paul, for respondent.

## OPINION

GILBERT, Justice.

This appeal arises from a lawsuit filed by appellant Catherine Madson against Minnesota Mining and Manufacturing Company (3M) alleging claims of discrimination and retaliation in violation of the Minnesota Human Rights Act. Review of the underlying claims is not before this court. We granted review to decide the narrow question of whether appellant's Minn. R. Civ. P. 60.02(a) and (f) motion to vacate judgment was "proper" under Minn. R. Civ.App. P. 104.01, subd. 2 and thus tolled the 60–day time limitation for appeal.

Appellant worked for 3M on and off for 19 years. In 1993, she was promoted to the position of Customer Service Representative at 3M. Sometime in March of 1996, appellant resigned. There is a significant dispute over exactly when appellant resigned from 3M. However, two relevant facts are not in dispute. March 5, 1996 was appellant's last day physically present at the 3M plant and a letter signed by Madson's supervisor, Alan Reiter (the Reiter letter), confirms that 3M received actual notice of Madson's resignation on March 8, 1996, during a phone conversation between Madson and Reiter.

On March 6, 1997, appellant filed a charge against 3M with the Minnesota Department of Human Rights (MDHR). On March 27, 1998, appellant commenced a civil action against 3M alleging gender and marital status discrimination and retaliation under the Minnesota Human Rights Act. *See generally* Minn.Stat. § 363.03, subds. 1, 7 (1998). After the close of discovery, 3M filed a motion for summary judgment arguing, in part, that appellant's claims with the MDHR, filed one year and one day after her last day physically present at work, were barred by the one-year statute of limitations covering discrimination claims. *See generally* Minn.Stat. § 363.03, subd. 3 (1998).

In her memorandum opposing summary judgment, appellant argued that her claims were not time-barred because the statute of limitations runs from the date of her official resignation notification to her employer, rather than from the date she was last physically present on the job. In the memorandum, appellant's original counsel listed under the heading "Documents Relied Upon," the March 8, 1996, Reiter letter. It was also discussed in the memorandum. However, that document did not become part of the record. Appellant argues that the omission of the Reiter letter was a result of her first counsel's inadvertence.

Appellant changed counsel on May 3, 1999. Shortly thereafter, appellant's new counsel realized that the Reiter letter had been omitted from the record submitted to the trial court in the opposition memorandum. By a letter dated May 18, 1999, appellant requested that the district court accept supplemental materials in consideration of the motion. The court granted summary judgment for 3M, which was entered on May 19, 1999, and sent a letter to appellant on May 20, 1999, stating that the record for summary judgment was closed and that appellant could move the court to reopen it.

On May 28, 1999, appellant moved to vacate judgment pursuant to Minn. R. Civ. P. 60.02(a) and (f). Subdivisions (a) and (f) of Rule 60.02 allow the district court to relieve a party from judgment and "order a new trial or grant such other relief as may be just" where there is "[m]istake, inadvertence, surprise, or excusable neglect" or for "[a]ny other reason justifying relief from the operation of the judgment."

Appellant specifically asked that the court reopen the record, admit the omitted letter and then "determine" that there is a material fact in dispute, the date of appellant's resignation, which cannot be resolved by summary judgment. On June 18, 1999, the district court denied appellant's motion, reasoning that it had already considered other evidence from appellant's brief and deposition that suggested that the date of resignation was March 8, 1996. The district court held that the Reiter letter, confirming March 8, 1996, as the date appellant notified her supervisor at 3M of her resignation, was of "no consequence" because it is the date that appellant was last physically present at 3M, March 5, 1996, that is determinative of the statute of limitations issue. Appellant filed the June 18, 1999 order on August 17, 1999 and it is uncontested that appellant served notice of the filing of the district court's order on August 17, 1999.

On September 1, 1999, appellant sought review in the Minnesota Court of Appeals of both the summary judgment entered on May 19, 1999 and the order filed August 17, 1999, denying appellant's Rule 60.02(a) and (f) motion. By order opinion, the court of appeals held that it lacked jurisdiction to review the summary judgment decision because the time for appeal lapsed on July 19, 1999, 60 days after the summary judgment was entered. *See Madson v. Minnesota Mining & Mfg. Co.*, No. CX–99–1508, slip op. at 2 (Minn.App. Oct. 3, 1999) (citing Minn. R. Civ.App. P. 104.01, subd. 1; Minn. R. Civ.App. P. 126.02 (providing that the time to file notice of appeal may not be extended by appellate courts)). The court of appeals noted that the running of the time for appeal can be tolled under Minn. R. Civ.App. P. 104.01, subd. 2 if any party serves and files a "proper and timely" motion of a type specified in the rule, which includes timely motions under Rule 60. *See Madson*, slip op. at 1.

The court of appeals acknowledged that there is no dispute here that appellant's Rule 60.02 motion was "timely." *See Mad-*

*son,* slip op. at 2. The court held however, that appellant's 60.02 motion was not "proper" because Rule 60.02 does not allow for the "introduction of evidence that was known to exist before judgment was entered." *Madson,* slip op. at 2 (citing *Sullivan v. Spot Weld, Inc.,* 560 N.W.2d 712, 716 (Minn.App.), *rev. denied* (Minn. Apr. 24, 1997)). The court of appeals also dismissed the appeal of the order filed August 17, 1999, because it held that an order denying a motion to vacate a final judgment is generally not separately appealable and appellant had failed to demonstrate a basis for appeal under Minn. R. Civ.App. P. 103.03. *See Madson,* slip op. at 3.

■ Resolution of the jurisdictional issue before us requires interpretation of Minn. R. Civ.App. P. 104.01. The interpretation of the Rules of Civil Appellate Procedure presents a question of law; therefore, our review is de novo. *See Stoebe v. Merastar Ins. Co.,* 554 N.W.2d 733, 735 (Minn.1996). Further, because the dates governing the jurisdictional issue are not in dispute, we review the jurisdiction question de novo. *See Marzitelli v. City of Little Canada,* 582 N.W.2d 904, 905 (Minn.1998).

An amendment to Rule 104.01, effective on January 1, 1999, and therefore, applicable to this case, provides a 60–day period in which an appeal may be taken from either an entry of judgment or an appealable order. *See* Minn. R. Civ.App. P. 104.01, subd. 1, Advisory Comm. Cmt. – 1998 Amendment. The 1998 amendments to Rule 104.01 also added a new subdivision that enumerated the specific posttrial motions that would toll the time for appeal, which include appellant's Rule 60.02(a) and (f) motion:

> [I]f any party serves and files a proper and timely motion of a type specified immediately below, the time for appeal of the order or judgment that is the subject of such motion runs for all parties from the service by any party of notice of filing of the order disposing of

the last such motion outstanding. This provision applies to a *proper and timely motion:* * * * (e) for relief under Minn. R. Civ. P. 60 if the motion is filed within the time for a motion for new trial * * *.

Minn. R. Civ.App. P. 104.01, subd. 2 and Advisory Comm. Cmt. – 1998 Amendment (emphasis added). The new subdivision 3 of Rule 104.01 provides that any notice of appeal filed before the disposition of one of the six listed posttrial motions "is premature and of no effect." Minn. R. Civ.App. P. 104.01, subd. 3, Advisory Comm. Cmt. – 1998 Amendment. A new notice of appeal has to be filed after service of notice of filing of the order disposing of the outstanding motion within the time prescribed to appeal the underlying order or judgment. *See id.*

These new subdivisions of Rule 104.01 were designed to solve the problem we confronted in *Marzitelli. See generally Marzitelli*, 582 N.W.2d at 904. Under the pre–1999 version of Rule 104.01, the district court's jurisdiction to decide posttrial motions terminated when the time for appeal ran, even if the motion had not been decided. *See id.* at 907. Even if the posttrial motion was not yet decided, parties had to file a timely appeal and then apply to the appellate court for a stay of the appeal to allow time for the district court to decide the motion. *See id.* The reason for the changes to Rule 104.01 was to "simplify practice" in the hopes of creating "less confusion" about the timing of appeals. Minn. R. Civ.App. P. 104.01, Advisory Comm. Cmt. – 1998 Amendment. Further, the purpose of the new subdivisions is twofold: "to make it clear that an appeal is not necessary until the proper motion is decided, and to avoid a party's erroneous assumption that an improper or unauthorized motion would prevent the running of an appeal deadline." *Id.*

Neither party disputes the timeliness of appellant's Rule 60.02 motion. However, 3M argues that appellant's motion was not "proper" for two reasons. First, relying on *Sullivan,* 560 N.W.2d at 716, 3M argues that the motion inappropriately sought to introduce evidence that appellant and her counsel knew of prior to the entry of summary judgment. Thus, 3M argues that the motion is not "proper" because it is the incorrect motion to accomplish appellant's intended purpose. Second, 3M argues that the motion is a thinly disguised motion to reconsider the issue of the legal question for determining the date for constructive discharge. Appellant argues that based on her attorney's inadvertence, the proper case authority applicable to the determination of the propriety of her Rule 60.02(a) motion is the four-part showing we delineated in *Finden v. Klaas,* 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964). Both of these approaches associate the standard for determining whether a motion is "proper" with the merits of the underlying motion.

However, when we look to the plain language of and the purpose behind the 1998 amendments to Rule 104.01, we conclude the test for a "proper" motion should not be dependent on the success of the motion. The rule provides that the time for filing an appeal runs from the time of "service by any party of the notice of filing of the order *disposing*" of the postjudgment motion. Minn. R. Civ.App. P. 104.01, subd. 2 (emphasis added). The rule does not state that the disposition must be favorable to toll the time for appeal. The parties' reliance on the merits of the motion would inject back into postjudgment motion practice the very uncertainty that the 1998 amendments were designed to eradicate. Instead, the rule simply requires a proper motion and directs the court to determine if the motion is one of the six motions specified in subdivision two.

We must now determine when a timely motion is "proper." First, the party who files a posttrial motion must do so in compliance with the Rules of Civil Procedure. *See generally* Minn. R. Civ. P. 1

(outlining the scope of the rules and stating that they govern the procedure in district courts in Minnesota); Minn. R. Civ. P. 1–86.02. These requirements include in part stating the grounds for the motion with "particularity," setting forth the relief sought with any required supporting documentation, such as affidavits, and serving and filing the motion with the appropriate signatures in place. *See generally* Minn. R. Civ. P. 7.02 and 11. If a party's post-judgment motion is timely, filed within the time for a motion for a new trial, and procedurally in order, then all parties and the court can prepare to promptly respond to it.

■ In order to be "proper," the post-trial motion must also be "authorized." One of the purposes of the 1998 amendments was "to avoid a party's erroneous assumption that an *improper or unauthorized* motion would prevent the running of an appeal deadline." Minn. R. Civ.App. P. 104.01, Advisory Comm. Cmt. – 1998 Amendment. "Counsel must carefully determine whether posttrial motions are *authorized* in certain proceedings." *Id.* (citing *Schiltz v. City of Duluth*, 449 N.W.2d 439 (Minn.1990) (discussing which new trial motions are authorized in special proceedings); *Steeves v. Campbell*, 508 N.W.2d 817 (Minn.App.1993) (holding that a new trial motion in order for protection proceedings is not authorized, and order denying such a motion is not appealable)) (emphasis added). In order to avoid uncertainty, we conclude that the test for determining whether a motion is authorized, and therefore proper, is to determine whether on the face of the document the party has filed a motion that is expressly allowed under subdivision 2. This interpretation provides the court and all of the parties to the litigation with the clarity that the 1998 amendments were trying to achieve. A party will not have to await the resolution of its motion to determine whether the motion has tolled the time for appeal. Further, the filing of a proper and timely posttrial motion by "any party" tolls the time for appeal for "all parties." *See* Minn. R. Civ.App. P. 104.01, subd. 2. All parties are entitled to rely on timely motions, which on their face are authorized, thus, eliminating uncertainty and ineffective filings of notices of appeal by parties not joining the posttrial motions. *See generally* Minn. R. Civ.App. P. 104.01, subds. 2, 3; *see also* Minn. R. Civ. P. 1 (stating that the rules of procedure should be construed to secure "just, speedy, and inexpensive determinations of every action").

■ Applying our interpretation to the facts presented, we hold that appellant's motion was proper. Appellant's timely Rule 60.02(a) and (f) motion is one of the authorized motions specified in Rule 104.01, subdivision 2. Further, no one argues that the motion was procedurally deficient. In that appellant's motion was timely and proper, we hold that the time for appeal runs for all the parties from August 17, 1999, the date of service by appellant of the notice of filing of the June 18, 1999 order disposing of appellant's outstanding Rule 60.02(a) and (f) motion.

We therefore conclude that the court of appeals erred in dismissing Madson's appeal. Because jurisdiction for review of the underlying summary judgment motion exists, review of the denial of the Rule 60.02(a) and (f) motion to vacate judgment is also proper under Minn. R. Civ.App. P. 103.04. Therefore, we reverse and remand to the court of appeals for review of both the summary judgment entered on May 19, 1999 and the order filed August 17, 1999.

Reversed and remanded.

PAGE, J., took no part in the consideration or decision of this case.