In re the Marriage of James Richard HUNTSMAN, petitioner, Appellant,

v.

Zenith Annette HUNTSMAN, f/k/a Zenith Annette Morgan, Respondent.

No. C1–00–1923.

Supreme Court of Minnesota.

Oct. 4, 2001.

James Richard Huntsman, pro se.

Law Offices of Brad C. Eggen, Brad C. Eggen, Minneapolis, for respondent.

## OPINION

GILBERT, Justice.

This appeal arises from the marital dissolution of appellant James Richard Huntsman and respondent Zenith Annette Huntsman. Review of the underlying claims is not before this court. We granted review to decide the narrow question of whether the provision in Minn. R. Civ.App. P. 104.01, subd. 2, for the commencement of the appeal period applies where judgment has been entered on the order disposing of a proper and timely post-decision motion. The court of appeals held that it does not and dismissed the appeal as untimely. We reverse.

On April 23, 1998, appellant served his wife, the respondent, with a summons and

a petition for dissolution of their marriage. The parties were able to reach a settlement on child custody, child support, marital property, debt, and attorney fees, but went to trial on spousal maintenance and related issues. On January 12, 2000, the district court issued its Findings of Fact, Conclusions of Law, Order for Judgment, and Judgment and Decree. A copy of the order was entered as the judgment on January 14. Both sides moved to amend that judgment, and respondent moved for a new trial. The court heard arguments from the parties, and issued an Amended Findings of Fact, Conclusions of Law, Order for Judgment, and Judgment and Decree on August 30, 2000. On September 1, the district court administrator entered a copy of that order as an amendment to the original judgment. On September 7, appellant was served by facsimile with notice of the August 30 order; a copy was mailed the same day.

Appellant filed his notice of appeal on November 6, 2000—60 days after receiving notice of the order,[1] but 66 days after the amended judgment was entered. His notice of appeal stated it was from the January 12 and August 30 orders. Respondent moved the court of appeals to dismiss the appeal on the grounds that appellant had not appealed from a final judgment or an appealable order.

The court of appeals noted that even though appellant's notice of appeal had referred only to the January 12 and August 30 orders, he had included copies of both the January 14 judgment and the September 1 amended judgment. *Huntsman v. Huntsman*, No. C1–00–1923 at 2 (Minn.App. Dec. 27, 2000) (unpublished interim order). Citing our opinion in *Kelly v. Kelly*, 371 N.W.2d 193, 195 (Minn.1985), the court of appeals held that the appeal should be liberally construed as an appeal from the judgments. *Huntsman* at 2. The court of appeals construed the appeal as from the amended judgment and concluded that even though the time to appeal the January 14 judgment was tolled by post-decision motion, the period to appeal the September 1 amended judgment was unaffected and expired 60 days after its entry. *Id.* at 2–3. Because appellant had filed his notice of appeal more than 60 days after entry of the September 1 judgment, the court of appeals dismissed it as untimely. *Id.* at 3.

■ Resolution of the jurisdictional issue before us requires interpretation of Minnesota Rule of Civil Appellate Procedure 104.01. Because the interpretation of court rules presents a question of law, our review is de novo. *Madson v. Minnesota Min. & Mfg. Co.*, 612 N.W.2d 168, 170 (Minn.2000). Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action," Minn. R. Civ. P. 1, and should be given liberal construction so as to effectuate that purpose. *Kornberg v. Kornberg*, 542 N.W.2d 379, 384 (Minn. 1996). This court also liberally construes the contents of notices of appeal in favor of their sufficiency. *Kelly*, 371 N.W.2d at 195.

■ An amendment to Rule 104.01, effective on January 1, 1999, and therefore applicable to this case, provided:

---

1. Minnesota Rules of Civil Procedure 5.02 allows service of orders by "transmitting a copy by facsimile machine to the attorney or party's office; or by mailing a copy to the attorney or party * * *. Service by facsimile is complete upon completion of the facsimile transmission." Minn. R. Civ. P. 5.02. Appellant would have had an additional 3 days to file his notice of appeal if it had only been mailed, Minn. R. Civ. P. 6.05, but—as we discuss below—his appeal from notice served by fax was still timely.

Unless otherwise provided by law, if any party serves and files a proper and timely motion of a type specified immediately below, the time for appeal of the order or judgment that is the subject of such motion runs for all parties from the service by any party of notice of filing of the order disposing of the last such motion outstanding. This provision applies to a proper and timely motion: (c) to alter or amend the judgment under Minn. R. Civ. P. 52.02; [or] (d) for a new trial under Minn. R. Civ. P. 59 * * *.

Minn. R. Civ.App. P. 104.01, subd. 2. Notices of appeal filed before the disposition of post-decision motions are considered premature: not only do they not divest the district court of jurisdiction, they are given no effect and must be filed anew "within the time prescribed to appeal the underlying order or judgment, measured from the service of notice of filing of the order disposing of the outstanding motion." *Id.,* subd. 3. The amendment also created a 60–day period to appeal from both judgments and appealable orders unless otherwise provided by statute. *Id.,* subd. 1.

The policy underlying these rule changes was to clarify when parties can file appeals, and to provide consistent means for district courts to consider all pending motions without losing jurisdiction by a premature appeal. As we discussed in *Madson,* the amendments to rule 104.01 were intended to solve the problem we confronted in *Marzitelli v. City of Little Canada,* 582 N.W.2d 904 (Minn.1998). *See generally Madson,* 612 N.W.2d at 171 (citing *Marzitelli,* 582 N.W.2d at 904). Under the unamended version of rule 104.01, the district court's jurisdiction to decide post-decision motions terminated when the time for appeal ran or when an appeal was filed. *Id.* (citing *Marzitelli,* 582 N.W.2d at 907). Parties had to file timely appeals and then apply to the appellate court for a stay of appeal to allow time for the district court

to decide post-decision motions. *Id.* (citing *Marzitelli,* 582 N.W.2d at 907). Rule 104.01 was changed to "simplify practice" in the hopes of creating "less confusion" about the timing of appeals. Minn. R. Civ.App. P. 104.01 advisory committee's cmt. (1998 amendment).

▮▮▮ Once the time to appeal has been tolled by a proper and timely post-decision motion, it commences upon service of notice of filing of the order disposing of the last post-decision motion outstanding, not the prior entry of an amended judgment. The rule clearly states that "the time for appeal of the order or judgment that is the subject of [a proper and timely] motion runs for all parties from the service by any party of notice of filing of the order disposing of the last such motion outstanding." Minn. R. Civ.App. P. 104.01, subd. 2. The text of the amended rule does not expressly address circumstances in which an amended judgment is entered before a party serves notice of the order disposing of the final post-decision motion, but amended judgments never restart an appeal period that has been tolled by subdivision 2. Appeals from amended judgments are premature, and therefore void, if the notice of appeal is filed before the last tolling motion is resolved. *Id.,* subd. 3. Further, construing subdivision 1 of rule 104.01 to end the period to appeal 60 days after an amended judgment that has been entered during the tolling period would create situations where parties have contradictory, unpredictable, or completely foreclosed periods to appeal. *Cf. Marzitelli,* 582 N.W.2d at 904–07. Such a construction would undermine our policy of preserving the right to appeal, simplifying practice, and lessening confusion. *See Madson,* 612 N.W.2d at 171; Minn. R. Civ.App. P. 104.01 advisory committee's cmt. (1998 Amendment); *cf. Kornberg,* 542 N.W.2d at 384. To restart the appeal

period with entry of amended judgment—when the rule expressly provides that it starts with service of notice of the order disposing of the final post-decision motion—would create a trap for the unwary; the purpose of the amendments was to eliminate, not create, such traps. Because the amendments to rule 104.01 were intended to facilitate a single appeal that encompasses original and post-decision rulings, an appeal that is timely under subdivision 2 can cover the original judgment, appropriate post-decision orders, and amendments to the judgment.

■ The court of appeals liberally construed appellant's notice of appeal as an appeal from the January 14 and September 1 judgments. As we recognized in *Kelly,* "a notice of appeal is sufficient if it shows an intent to appeal and the order appealed from apprises the parties of the issues to be litigated on appeal." 371 N.W.2d at 195–96. Because the orders identified in the notice of appeal were identical to the judgments entered, the notice sufficiently apprised respondent of the issues to be litigated on appeal. The court of appeals was correct when it held that the time to appeal the January 14 judgment was tolled, but erred in concluding that appellant's time to appeal was only a function of the date of the amended judgment rather than when respondent served notice of the filing of the order disposing of the last post-decision motion outstanding.

We hold that the court of appeals erred in granting respondent's motion to dismiss. The parties' proper and timely post-decision motions to amend the judgment, and respondent's proper and timely motion for a new trial, tolled both the time to appeal from the original judgment and the time to appeal appropriate post-decision orders and judgments entered pursuant to those orders. *See* Minn. R. Civ.App. P. 104.01,

subd. 2(c), (d). As a result, appellant's notice of appeal was timely until November 6—60 days after the service of notice.

Reversed and remanded to the court of appeals.