In re the Marriage of Deborah K. MINGEN, petitioner, Appellant,

v.

Thomas M. MINGEN, Respondent.

No. C6–03–152.

Supreme Court of Minnesota.

May 27, 2004.

John Thomas Burns, Jr., Burnsville, MN, for Appellant.

Timothy J. McLarnan, McLarnan, Hannaher & Skatvold, Moorhead, MN, for Respondent.

## OPINION

ANDERSON, RUSSELL A., Justice.

In this case, we consider whether the expiration of the 60–day period to appeal from entry of judgment under Minn. R. Civ.App. P. 104.01, subd. 1, may be revived and extended by a subsequent post-decision motion under Minn. R. Civ.App. P. 104.01, subd. 2, to amend the order that directed entry of judgment. The court of appeals dismissed the appeal as untimely because appellant's post-decision motion, filed after expiration of the time for appeal from the judgment, was untimely and therefore did not extend the appeal period. We affirm.

The marriage of Deborah and Thomas Mingen was dissolved in 1995 and, by stipulation, Thomas agreed to pay maintenance to Deborah. Seven years later, Thomas, claiming involuntary job loss, brought a motion to modify spousal maintenance payments and Deborah, by cross-motion, requested that Thomas's motion be denied and that she be awarded attorney fees. On August 16, 2002, the district court order granting Thomas's motion was filed and judgment was entered. Neither party served the other with written notice of filing of the order.

On October 21, 2002, Deborah filed a motion to amend the August 16 order, claiming that the district court had failed to consider her earlier cross-motion requesting that Thomas's motion be denied and that she be awarded attorney fees. The district court's order denying Deborah's motion to amend was filed on November 20, 2002, and on November 25, 2002, Deborah was served with written notice of filing of the November 20 order. On January 22, 2003, Deborah filed an

appeal from the August 16 judgment.[1] After requesting memoranda from the parties on the issue of whether Deborah's appeal was timely, the court of appeals dismissed the appeal as untimely by order of March 25, 2003, and a published opinion followed on June 17, 2003. *Mingen v. Mingen*, 662 N.W.2d 926 (Minn.App.2003). We granted Deborah's petition for review.

## I.

■ Rule 104.01, subd. 1 provides that unless a different time is provided by statute, an appeal may be taken from a judgment within 60 days of its entry and from an appealable order within 60 days after service by a party of written notice of its filing.[2] Rule 104.01, subd. 2 provides that if a "proper and timely" post-decision motion is filed, the time to appeal from judgment or an appealable order that is the subject of the motion is tolled and does not begin to run until service of notice of filing of the order disposing of the post-decision motion. The purpose of Rule 104.01, subd. 2, is to allow a district court to rule on post-decision motions before an appeal is commenced. *See* Minn. R. Civ.App. P. 104.01, Advisory Committee Comment— 1998 Amendments; *see also Huntsman v. Huntsman*, 633 N.W.2d 852, 855 (Minn.

2001).[3] A motion to amend findings of fact or to amend a judgment under Minn. R. Civ. P. 52.02 is a post-decision motion listed in Rule 104.01, subd. 2, that, if "proper and timely," will effectively extend the time to appeal the judgment. Rule 52.02 specifies that a motion to amend is "timely" if it is brought within the time allowed for a motion for a new trial, that is, 30 days from service of notice of filing of the decision or order. *See* Minn. R. Civ. P. 59.03. Rule 104.02 provides, however, that "[n]o order made prior to the entry of judgment shall be appealable after the expiration of time to appeal from the judgment."

From these provisions, the arguments of the parties are apparent. Deborah argues that because she never received service of notice of filing of the August 16 order, the 30–day time period under Minn. R. Civ. P. 52.02 to move for amended findings of fact did not begin to run, and her October 21 motion to amend the August 16 order was therefore a proper and timely post-decision motion under Rule 104.01, subd. 2. She contends that the effect of her motion was that under Rule 104.02, the 60–day period to appeal from entry of judgment did not begin until November 25, the day

1. The order denying the motion for amended findings was not appealable. *Tompkins v. Sandeen*, 243 Minn. 256, 258, 67 N.W.2d 405, 407 (1954).

2. While notice of filing is required to start the time period to appeal from an appealable order, notice is not required to start the time period to appeal from a judgment. Whether or not the parties receive notice of entry of judgment, the time period to appeal from a judgment begins upon entry of the judgment. *See Tombs v. Ashworth*, 255 Minn. 55, 62, 95 N.W.2d 423, 428 (1959) ("the law is clear that the time for appealing from a judgment commences to run upon the entry thereof and that failure of the clerk to comply with Rule 77.04 with respect to service of notice does not affect the time for appealing").

3. While Thomas argues that Deborah's October 21 motion is a motion for reconsideration that is prohibited, except by express permission of the court under Minn. Gen. R. Prac. 115.11, we have held that to determine whether the Rule 104.01, subd. 2, motion is authorized, and therefore proper, we look to the face of the document, not the merits of the motion. *Madson v. Minnesota Min. Mfg. Co.*, 612 N.W.2d 168, 171–72 (Minn.2000). Since Deborah's motion on its face states that it seeks amendment of findings of fact in the August 16 order, it appears to be facially "proper" under *Madson*. We decline, however, to decide this matter on the basis of whether the October 21 motion is a proper Rule 104.01, subd. 2, motion, but assume, for purposes of this appeal, that it is.

she was served with notice of filing of the court's November 22 order denying her post-decision motion to amend. Therefore, according to Deborah, her January 22 appeal of the August 16 judgment was timely.

Thomas argues that Deborah's October 21 motion to amend the findings of fact in the August 16 order was not timely despite the fact that she had not been served with notice of filing of the August 16 order. Thomas contends that the court of appeals was correct in concluding that a motion cannot be timely if it is made after the time to appeal the judgment has already expired, and a post-decision motion cannot revive an expired appeal period.

■ We interpret our rules of civil procedure de novo. *Madson v. Minnesota Min. Mfg. Co.*, 612 N.W.2d 168, 170 (Minn. 2000). We do not read them in isolation but read them in light of one another, interpreting them according to their purpose. *See House v. Hanson*, 245 Minn. 466, 473, 72 N.W.2d 874, 878 (1955) ("The words of a court rule, like those of a statute, must be taken and construed in the sense in which they were understood and intended at the time the rule was promulgated. Any other principle of construction would undermine confidence in the court's rule-making power.").

■ We conclude that Deborah's post-decision motion of October 21, 2002, filed after the time to appeal from the judgment had expired, was not timely. In *Marzitelli v. City of Little Canada*, we explained that "[i]f the time for appeal from an order expires without appeal having been taken, then the order becomes final and the district court's jurisdiction to amend the order is terminated." 582 N.W.2d 904, 906 (Minn.1998). Under Rule 104.02, the August 16 order was no longer appealable once the time to appeal the judgment expired. Therefore, the district court no

longer had jurisdiction to amend the August 16 order, and the motion to amend the order could not have been timely if the court had no jurisdiction to consider it.

■ It has long been the rule that the period to appeal from an appealable order does not start until service of notice of filing of the order. Minn. R. Civ.App. P. 104.01, subd. 1. Nevertheless, based on Rule 104.02, it has also been the rule that "all prejudgment orders cease to be appealable upon expiration of the time to appeal from the judgment." 3 Eric J. Magnuson and David F. Herr, *Minnesota Practice—Appellate Rules Annotated* § 104.11 (4th ed. 2003) (citing and discussing *Harcum v. Benson*, 135 Minn. 23, 160 N.W. 80 (1916)). In other words, as we stated in *Marzitelli*, orders become final with the passing of the judgment appeal period. There is little sense in treating a motion to amend an order as timely when the motion is filed after the order can no longer be appealed. 582 N.W.2d at 906. For that reason, our longstanding principle is that a motion for a new trial cannot be filed after the time to appeal the resulting judgment has expired. *See Barrett v. Smith*, 183 Minn. 431, 436, 237 N.W. 15, 17 (1931) ("when a judgment has become final by the expiration of the time for appeal, it is no longer open to attack by motion for new trial"); *Smith v. Minneapolis St. Ry. Co.*, 134 Minn. 292, 295, 159 N.W. 623, 623 (1916) ("We are of the opinion that when a judgment has become final by the expiration of the time within which an appeal may be taken it should not be subject to attack upon a motion for a new trial for error or insufficiency of evidence."); *Conklin v. Hinds*, 16 Minn. 457, 467 (Gil. 411) (1871) (stating that a judge's ruling on a motion for a new trial must be reviewed for abuse of discretion and that "[it] would certainly be such an abuse to entertain a

motion for a new trial after the time for appeal from the judgment had expired").[4]

While Rule 104.01, subd. 2, was amended in 1998 to provide for the tolling of the appeal period if the motion is proper and timely filed, one cannot toll an appeal period that has already expired. Rule 104.01, subd. 2 was not intended to revive an already-expired appeal period.

It is axiomatic that one of the purposes of our rules of civil appellate procedure is to provide finality and closure to litigation. Once the time to appeal from entry of judgment has expired, Rule 104.02 expressly limits the right of a party to appeal from an otherwise appealable pre-judgment order, regardless of whether the party received notice of filing of the appealable order. The language of Rule 104.02 is very clear: "No order made prior to the entry of judgment shall be appealable after the expiration of time to appeal from the judgment."[5] While we have allowed the appeal period to be extended by a proper and timely post-decision motion made prior to the expiration of the time to appeal from entry of judgment, *Huntsman v. Huntsman*, 633 N.W.2d 852, 856 (Minn. 2001), we have not allowed an extension of time to appeal when such a motion is made after expiration of the time to appeal from entry of judgment. Without such a limitation, the appeal period from judgments could be extended forever.

While Rule 104.02 does not expressly address the right of a party to bring a post-trial motion after the expiration of the time to appeal from judgment, our interpretation today is supported by both the underlying rationale of Rule 104.02, which is clearly intended to bring finality and closure to the appellate process, and also by our case law. Thus, we hold that a post-decision motion to amend a pre-judgment order is not timely if filed after expiration of the 60–day period to appeal from the judgment, and because such a motion is not timely, it does not toll the period for appeal from the order or judgment.

Affirmed.

---

4. We are mindful of the fact that this court has observed in dicta that the failure to serve notice of filing prevents the time to appeal an order from beginning to run. *Rieman v. Joubert*, 376 N.W.2d 681, 684 (Minn.1985) ("When, however, no notice of filing is served, the 15–day time period never starts and a party apparently has an indefinite period of time in which to make post-trial motions"). The *Rieman* case, however, addressed the specific issue of whether a defendant had waived service of notice of filing for purposes of making a post-decision motion, and this court did not address the question of whether a post-decision motion could be made following the expiration of the appeal period for the judgment.

5. We note that Deborah could have chosen to appeal the order granting modification of spousal maintenance under Rule 103.03(h). On October 21, when Deborah filed her motion for amended findings, however, her right to appeal the court's order was barred by Rule 104.02 because more than 60 days had passed since the entry of judgment.