In re the Marriage of Thomas Caroll
RUBEY, Appellant,

v.

Valerie Ann VANNETT, Respondent.

No. A05–310.

Supreme Court of Minnesota.

May 4, 2006.

Rehearing Denied June 8, 2006.

nett went to trial to determine who would be awarded physical custody of their child. After the trial, the district court issued an order granting sole physical and legal custody to Vannett. Rubey filed a motion for a new trial or amended findings (new trial/amended findings motion). Because the hearing on the motion occurred outside of the 60–day time frame required by Minn. R. Civ. P 59.03, the district court found that it lacked jurisdiction and dismissed the motion. Rubey appealed and the court of appeals dismissed the appeal for lack of jurisdiction, determining that, under Minn. R. Civ.App. P. 104.01, subd. 2, the appeal was untimely. We granted review and now reverse and remand to the court of appeals for further proceedings.

Rubey and Vannett were married in 1999 and had one child before separating in October 2002. As part of their dissolution, Rubey and Vannett stipulated to a property settlement, maintenance, and legal custody of their child, but were unable to resolve who would have physical custody of their child.

After a trial on that issue, the trial court issued its Findings of Facts, Conclusions of Law, Order for Judgment, and Judgment and Decree on June 21, 2004. The order for judgment granted Vannett sole physical and legal custody of the child. Vannett served Rubey with a Notice of Filing and Entry of Decree by mail on June 23, 2004. After being served with the Notice of Filing and Entry of Decree, Rubey had 30 days in which to serve new trial and amended findings motions. Minn. R. Civ. P. 59.03.[1]

Rubey served and filed a motion for new trial/amended findings on July 23, 2004. It is undisputed that Rubey served the motion within the required 30–day time

Mark A. Olson, Olson Law Office, Burnsville, MN, for Appellant.

Valerie Ann Vannett, Apple Valley, MN, Pro Se Respondent.

John Remington Graham, Amicus Curiae R–Kids of Minnesota.

## OPINION

PAGE, Justice.

This case arises from the dissolution of appellant Thomas Rubey and respondent Valerie Vannett's marriage. Although they settled some issues, Rubey and Van-

---

1. The same time limitations apply to a motion for amended findings that, as here, is filed with a motion for a new trial. Minn. R. Civ. P. 52.02.

period. In addition to requiring that the motion be served within 30 days, the rule requires that a new trial motion be heard within 60 days of service of the Notice of Filing and Entry of Decree "unless the time for hearing be extended by the court within the 60–day period for good cause shown." *Id.* To comply with Rule 59.03, the hearing here should have taken place or an extension granted on or before August 25, 2004. Rubey's notice of motion and motion did not provide a date certain for the hearing. On July 28, 2004, Rubey's attorney telephoned the trial court's scheduling clerk to schedule a date for the hearing on the motion. The only dates the court had available for the hearing were more than 60 days after Vannett served Rubey with the Notice of Filing and Entry of Decree. The date selected for the hearing was September 17, 2004.

On August 30, 2004, after the 60–day period had run, Vannett moved to dismiss Rubey's motion based on the court's lack of jurisdiction. In the alternative, Vannett sought to have Rubey's motion denied on the merits. According to Vannett, the district court lost jurisdiction over Rubey's motion when no extension had been granted and the hearing had not occurred within the required 60–day period.

On September 17, 2004, rather than hearing Rubey's motion on its merits, the district court heard arguments on the court's jurisdiction to hear the motion. At the hearing, the attorneys for each of the parties appeared and the court's scheduling clerk testified. According to an affidavit filed by Rubey's attorney, during his July 28 conversation with the scheduling clerk, after being told the court's available dates, he "asked the scheduling clerk if the Judge would be issuing an order extending the time for hearing. [He] was told that the Judge would issue an order since he was not available to hear the matter until September 17, 2004." In contrast, the scheduling clerk testified that she did not tell Rubey's attorney that the court would prepare an order and did not recall having a conversation with Rubey's attorney regarding the court preparing an order. Moreover, the scheduling clerk testified: "I don't believe I would ever say the court would prepare an order," and that it was not the judge's or his law clerk's practice to prepare an order without a motion.

According to Rubey's attorney, based on the July 28 conversation, he "did not pursue the matter any further, expecting that the Court would take care of the order." On August 20, Rubey's attorney sent a letter to Vannett's attorney informing her that the court had scheduled the hearing for September 17. That same day, Rubey's attorney left a voice message for the scheduling clerk confirming the hearing date of September 17 and inquiring about the status of the extension.

Based on that voice message, on August 23, the scheduling clerk pulled the file for the case and did not find any order granting an extension. The scheduling clerk testified that she left a voice message for Rubey's attorney and faxed a letter to both Rubey and Vannett's attorneys explaining that there was no order in the file. Vannett's attorney received the fax and had subsequent conversations with the scheduling clerk regarding the hearing date. However, the fax that the scheduling clerk sent to Rubey's attorney did not reach him because it was sent to the wrong fax number. Rubey's attorney also claimed that he did not receive a voice message from the scheduling clerk on August 23. Rubey's attorney asserted that when he did not hear back from the scheduling clerk, he "assumed that the matter had been taken care of." The record indicates that Rubey's attorney did not make a formal motion or any other request, other

than his conversations with the scheduling clerk, asking the court to extend the time for the new trial/amended findings motion hearing beyond the 60–day limit.

On December 9, 2004, the district court issued an order concluding that the court lacked jurisdiction to hear the new trial/amended findings motion because Rubey "failed to schedule the hearing with in [sic] the sixty-day time limit, to obtain an order to extend the sixty-day time limit, and to demonstrate that good cause exists to hear his motion." Considering the possibility that its jurisdictional determination might be in error, the court, in the alternative, denied Rubey's new trial/amended findings motion on the merits.

On February 14, 2005, Rubey appealed the underlying judgment and decree of dissolution and the December 9, 2004, order disposing of his new trial/amended findings motion. Under Minn. R. Civ.App. P. 104.01, subd. 1, a party generally has 60 days to appeal a judgment or order. A proper and timely motion for a new trial will toll the period for appeal, and the 60 days will run from the service of notice of filing of the order disposing of the motion for a new trial/amended findings. Minn. R. Civ.App. P. 104.01, subd. 2(b), (d).

The court of appeals dismissed Rubey's appeal, holding that Rubey's new trial/amended findings motion was untimely because no hearing on the motion took place within the required 60–day period and the time for hearing the motion had not been extended by the district court. Based on that holding, the court of appeals further held that Rubey's new trial/amended findings motion did not toll the time to appeal the underlying judgment. Finally, the court of appeals declined to consider due process arguments raised by Rubey because they were not raised below. We granted Rubey's petition for review and

now reverse and remand to the court of appeals.

This case requires us to interpret Minn. R. Civ. P. 59.03 and Minn. R. Civ. App. P. 104.01, subds. 1, 2. Interpretation of procedural rules presents questions of law, which we review de novo. *Madson v. Minn. Mining & Mfg. Co.*, 612 N.W.2d 168, 170 (Minn.2000). In construing procedural rules, we first look to the plain language of the rule and its purpose. *See id.* at 171. We also review jurisdictional questions de novo. *See id.* at 170.

I.

We first address whether the district court was deprived of jurisdiction over Rubey's motion because the motion was not heard within 60 days of the service of notice of filing and entry of decree. Rubey argues that the 60–day period is merely directional and that failure to comply with the 60–day requirement does not deprive the district court of jurisdiction. Vannett argues, and the district court and court of appeals concluded, that a district court has no jurisdiction to hear a motion outside the required 60–day time period unless the party bringing the motion sought, and the court granted, an extension for good cause.

Our case law in this area has, at best, been confusing. In a number of cases predating Rule 59.03, we suggested that the failure to comply with the time period for hearing a new trial/amended findings motion was jurisdictional. *See, e.g., Farmers Co-op. Ass'n of Bertha, Minn. v. Kotz*, 222 Minn. 153, 156, 23 N.W.2d 576, 578 (1946) ("When heard, the motion for new trial could no longer be entertained by the court on the minutes, since its authority to hear the motion had ceased."); *Edelstein v. Levine*, 179 Minn. 136, 137, 228 N.W. 558, 558 (1930) (holding that, when the plaintiff had moved for a

new trial outside the allotted 30 days without getting an extension from the court, "[t]he power or authority of the court to hear the motion had ceased"). In at least one other case, however, while we indicated that the timing of the hearing was a jurisdictional issue, we deemed the opposing party to have waived the timeliness issue. *In re Hore's Estate*, 220 Minn. 365, 367, 19 N.W.2d 778, 780 (1945). We deemed the issue waived notwithstanding the fact that subject matter jurisdiction cannot be waived. *Id.; see Tischer v. Hous. & Redev. Auth. of Cambridge*, 693 N.W.2d 426, 430 (Minn.2005).

Further, although we have not, since the adoption of Rule 59.03, addressed whether the timing of a new trial/amended findings motion hearing is jurisdictional, we have excused untimely hearings based on the actions of the court or court employees. *Am. Standard Ins. Co. v. Le*, 551 N.W.2d 923, 925–26 (Minn.1996) (excusing an untimely hearing because a court administrator unilaterally changed the hearing date without a request from the parties or permission from the judge); *Woodrow v. Tobler*, 269 N.W.2d 910, 914 (Minn.1978) (excusing an untimely hearing when the hearing was originally scheduled within the required time period but was postponed because of the judge's unavailability).

Our decisions in these cases cannot be reconciled with a conclusion that the 60–day period for hearing a new trial/amended findings motion is jurisdictional. We therefore conclude that the 60–day time limit for hearing new trial/amended findings motions is a procedural tool and does not divest the district court of jurisdiction.

*See Eberhart v. United States*, 546 U.S. ——, ——, 126 S.Ct. 403, 405, 163 L.Ed.2d 14 (2005) (discussing the distinction between jurisdictional rules and "claims processing" rules).

## II.

■ We next address Rubey's argument that Vannett waived her objection to the untimely hearing date by not objecting before the 60–day period had expired. A district court may grant an order extending the time for hearing a new trial/amended findings motion beyond the 60–day period for hearing such motions any time during the 60–day period. Minn. R. Civ. P. 59.03. It stands to reason that, until the 60–day period has passed with no hearing having been held and no extension having been granted, the opposing party has no basis for an objection based on the timeliness of the hearing on the motion. Therefore, we conclude that Vannett did not waive her objection to the untimely hearing by waiting until after the 60–day time limit expired to file her objection.

## III.

Having determined that the district court retained jurisdiction over the motion and that Vannett did not waive her objection to the untimeliness of the hearing, we must next determine whether the district court erred when it dismissed Rubey's new trial/amended findings motion because the hearing was untimely. Rubey argues, based on the actions of the court's scheduling clerk and his attorney's past dealings with the district court, that his attorney reasonably understood that the court had extended the time for hearing his motion.[2]

---

**2.** Rubey makes an additional argument that we should specifically adopt an "excusable neglect" standard for determining whether a motion is timely. As persuasive authority he relies on a Wisconsin statute that is similar to

Rule 59.03. That statute provides that "[i]f the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect." Wis. Stat.

Vannett argues that the time was not extended because (1) the rule requires affirmative action by the court to extend the time, (2) it was unreasonable for Rubey to rely on the scheduling clerk's lack of response and assume the time was extended, and (3) only strict application of the rule fulfills the rule's intent.

We review the district court's factual findings for clear error. *Chafoulias v. Peterson,* 668 N.W.2d 642, 662–63 (Minn. 2003). Here, the district court found that Rubey's attorney had requested a hearing date, that the scheduling clerk granted a hearing date of September 17, 2004, which was beyond the 60–day requirement, that neither party nor their attorneys requested an extension for holding the hearing beyond the 60–day period, and that no such extension had been granted. The court found that both attorneys were experienced trial attorneys and were familiar with the Rules of Civil Procedure. The court noted that Rubey's attorney had "faced this very issue in a similar case before Judge Muehlberg, where [Rubey's attorney] submitted a proposed order to extend when the hearing date was set beyond the mandatory sixty-days by the Court's Scheduling Clerk."

The district court also found that, despite the fact that Rubey's attorney claimed he relied on assurances made by the scheduling clerk that the court would issue an order extending the time for hearing, the scheduling clerk testified that she did not tell Rubey's attorney that the court would grant such an order, that the scheduling clerk did not have the authority to extend deadlines or draft proposed orders, and that the district court was not aware of the scheduling clerk engaging in those practices. The court further found that, "[d]espite any assurances the Court's Scheduling Clerk may have made, [Rubey's attorney] is solely responsible for obtaining either a timely hearing date or an order to extend, by filing either a proper motion or, at a minimum, submitting a cover letter with a proposed order." The evidence in the record supports the district court's findings and therefore we conclude that the findings are not clearly erroneous.

Based on these findings, the district court concluded that Rubey had not shown that good cause existed to hear his motion, which we interpret to mean Rubey's attorney did not show that he reasonably relied on any alleged representation by the scheduling clerk. The district court also concluded that it "lack[ed] jurisdiction," and dismissed the motion as untimely.

Having concluded that the district court did not lose jurisdiction because of the untimely hearing on the motion and that its findings are not clearly erroneous, we must next determine whether the district court's dismissal of Rubey's new trial/amended findings motion was proper. As we have articulated in the past:

> Particularly in cases of this kind, where the trial court is weighing statutory criteria in light of the found basic facts, the trial court's conclusion of law will include determination of mixed questions of law and fact, determination of "ultimate" facts, and legal conclusions. In such a blend, the appellate court may correct erroneous applications of the law. As to the trial court's conclusions on the ultimate issues, mindful of the discretion accorded the trial court * * *

§ 801.15(2)(a) (2004). Unlike the Wisconsin statute, Rule 59.03 does not specifically provide for an excusable neglect standard. Thus, in order to adopt the excusable neglect standard, we would have to read into the rule that which the rule's drafters left out. We decline to amend the rule in this way.

the reviewing court reviews under an abuse of discretion standard. *Maxfield v. Maxfield*, 452 N.W.2d 219, 221 (Minn.1990). Therefore, we review the district court's decision to dismiss the motion for an abuse of discretion.

 The facts before the district court support its decision to dismiss Rubey's motion because the hearing was untimely. Specifically, Rubey did not request an extension and did not submit a proposed order granting an extension, Rubey claimed that he relied on information that was given to him by the judge's scheduling clerk, who was not authorized to grant an extension, and after he inquired about the extension on August 20, he relied on the lack of a response from the scheduling clerk as an affirmation that an extension had been granted. Moreover, Rubey's attorney had, under similar circumstances in a previous case, submitted a proposed order for an extension of time. These facts led the district court to conclude that Rubey's lawyer's reliance on the scheduling clerk was not justified.[3] *See Le*, 551 N.W.2d at 926. Based on the record presented, we cannot say that it was an abuse of discretion for the district court to dismiss Rubey's new trial/amended findings motion as untimely.

## IV.

 Rubey claims that Rule 59.03, as applied to him, violates his right to due process. Generally, a party waives the right to raise a constitutional claim when the party does not make that claim in the district court. *See Olson v. Ford Motor Co.*, 558 N.W.2d 491, 496 (Minn.1997). Rubey did not raise this due process claim in the district court. Therefore, we decline to address the claim in this case.[4]

## V.

Having concluded that the untimely hearing on Rubey's new trial/amended findings motion did not divest the lower court of subject matter jurisdiction, but that the hearing was properly dismissed as untimely, we must next determine whether the court of appeals properly dismissed Rubey's appeal of the underlying judgment as untimely based on the untimeliness of the hearing on the new trial/amended findings motion. Rule 104.01, subdivision 1, provides that a party has 60 days from the date of entry of judgment during which to file an appeal. However,

if any party *serves and files a proper and timely motion* [for a new trial/amended findings under Rule 59.03], the time for appeal of the order or judgment that is the subject of such motion runs for all parties from the service by any party of notice of filing of the order disposing of the last such motion outstanding.

Minn. R. Civ.App. P. 104.01, subd. 2 (emphasis added). Rubey argues that Rule 104.01, subdivision 2, requires only that the *service and filing* of the motion be timely to toll the time for appeal. Therefore, according to Rubey, because he served and filed his new trial/amended findings motion on July 23, 2004, which

---

3. We have stressed that "prudent counsel will obtain a written confirmation of any extension issued by the court within the limitation period." *U.S. Leasing Corp. v. Biba Info. Processing Servs., Inc.*, 489 N.W.2d 231, 232 (Minn.1992). Absent a formal request for an extension and an affirmative response from the court, parties cannot be assured that an extension has been granted.

4. Rubey raised a separate constitutional issue in the district court, which was based on the underlying judgment and not on the application of Rule 59.03. That issue has not been raised in this appeal.

was within 30 days of Vannett's service of the notice and filing of decree, the time for appealing the district court's June 21, 2004, order for judgment was tolled until the trial court's December 9, 2004, order disposing of the new trial/amended findings motion. Vannett argues, and the court of appeals agreed, that to be timely and proper Rubey's new trial/amended findings motion had to be timely heard and, because it was not, the time to appeal the underlying judgment was not tolled.

■ The plain language of the rule provides that the time for appeal is tolled if any party "serves and files a proper and timely motion." Minn. R. Civ.App. P. 104.01, subd. 2; *see Huntsman v. Huntsman*, 633 N.W.2d 852, 855 (Minn.2001) (declining to construe the period to appeal as running from the entry of amended findings filed before the last tolling motion was resolved because "[s]uch a construction would undermine our policy of preserving the right to appeal, simplifying practice, and lessening confusion"). The rule says nothing about a timely hearing. Here, there is no question that Rubey's new trial/amended findings motion was timely served and filed. That the hearing on the motion may have been untimely does not alter the fact that the motion itself was timely. To hold that the untimely motion hearing caused the time for appeal to run from the date of the underlying judgment would require us to read into Rule 104.01, subdivision 2, that which is not there. As with reading Wisconsin's excusable neglect standard into Rule 59.03, we decline to do so. Moreover, allowing tolling to turn on whether a new trial/amended findings motion is timely heard, even after that motion is timely filed and served, would inject into Rule 104.01, subdivision 2, an element of uncertainty and create confusion as to when a party's appeal must be filed.

■ To the extent that Vannett argues that Rubey's motion was not proper because the notice of motion did not state the time and place for the hearing, we note this argument was not raised in the district court and therefore is not properly before us. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988). Vannett makes no other argument that the motion was not proper.

Because the time for filing Rubey's appeal began to run when Vannett served the notice of filing of the order disposing of Rubey's new trial/amended findings motion, we conclude that the court of appeals erred when it dismissed, as untimely, Rubey's appeal of the underlying order for judgment and judgment decree. We, therefore, remand this case to the court of appeals for review of the underlying judgment as though no new trial/amended findings motion had been made and review to determine "whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment." *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976).

Reversed and remanded.

GILDEA, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.