**Glenn SMITH, Relator,**

v.

**MINNESOTA DEPARTMENT OF HUMAN SERVICES, Respondent.**

**No. A08–1243.**

Court of Appeals of Minnesota.

April 21, 2009.

Paul D. Baertschi, Minneapolis, MN, for relator.

Lori Swanson, Attorney General, Cindy Jahnke, Assistant Attorney General, St. Paul, MN, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge; PETERSON, Judge; and HARTEN, Judge.*

* Retired judge of the Minnesota Court of Ap- peals, serving by appointment pursuant to

## OPINION

KLAPHAKE, Judge.

Relator Glenn Smith challenges a final order by the Commissioner of the Department of Human Services (the department) permanently disqualifying him from providing direct-contact services in facilities licensed by the department. Relator asserts that he is entitled to a hearing, both under Minn.Stat. § 245C.27, subd. 1 (2008), and as a matter of due process. Because relator was entitled to a hearing but failed to request one within the time set forth in the statute, he was afforded due process and is now barred from challenging the permanent disqualification. We therefore affirm the department's decision.

## FACTS

Relator finished a degree in criminal justice studies with the intention of using his skills to counsel adult offenders about "the seriousness of crime and drugs." Relator worked as an intern in various programs and received supportive recommendations from his supervisors.

Relator applied to work in a position involving direct contact with persons receiving services from facilities licensed by the department. Because of this, relator was subject to a background check by the department. The department received information from the FBI that on May 23, 1997, relator committed a second-degree assault; although relator was not charged or convicted of this offense, the department concluded that the FBI information showed by a preponderance of evidence that relator had committed an act that met the definition of this offense. Under Minn. Stat. § 245C.15, subd. 1 (2008), second-degree assault is an offense that permanently disqualifies a person from performing direct-contact services for a provider licensed by the department. In the November 30, 2006 letter of disqualification, the department advised relator that he could request reconsideration of this determination within 30 days. Relator made a request for reconsideration on February 2, 2007, more than 60 days after the disqualification letter.

In the meantime, relator applied for another direct-contact job. On April 9, 2007, the department notified relator that he was permanently disqualified. Relator asked for reconsideration, and the department did reconsider, using the materials he had submitted on February 2, 2007, for the earlier but untimely request for reconsideration. On May 1, 2007, the department confirmed the disqualification, informing relator that he had 30 days within which to request a fair hearing challenging the decision or up to 90 days for good cause shown.

On September 11, 2007, relator requested a fair hearing and submitted additional materials; this request was made more than 90 days after the department confirmed his disqualification. A hearing was held on November 19 on the sole issue of whether his request was timely. On December 28, the administrative law judge issued an order dismissing as untimely relator's request for a hearing.

Relator subsequently applied for yet another direct-contact job. On March 11, 2008, the department issued a third notice of permanent disqualification. On March 19, 2008, relator requested reconsideration and a fair hearing, but he did not submit any supplementary materials. On June 25, 2008, the department affirmed the permanent disqualification and denied the request for a fair hearing; the department

Minn. Const. art. VI, § 10.

stated that this was a final agency decision and relator had no right to a hearing, because he waived the opportunity for a hearing by failing to request one in a timely fashion. The department advised relator that he could petition this court for a writ of certiorari, which he did on July 24, 2008.

### ISSUES

1. Is relator entitled to a fair hearing on whether he committed a permanently disqualifying act, as established by a preponderance of the evidence?

2. Has relator been afforded procedural due process?

### ANALYSIS

*Standard of Review*

On a certiorari appeal from an agency's quasi-judicial action, we review the record to determine whether (1) the agency had jurisdiction over the matter; (2) the agency followed the correct procedure; and (3) the agency's determination of the merits of the controversy was "arbitrary, oppressive, unreasonable, fraudulent, under an erroneous theory of law, or without any evidence to support it." *Rodne v. Comm'r of Human Servs.*, 547 N.W.2d 440, 444 (Minn. App.1996). This court reviews questions of law, including interpretation of a statute, de novo. *St. Otto's Home v. Minn. Dep't of Human Servs.*, 437 N.W.2d 35, 39–40 (Minn.1989).

*Right to a Hearing*

■ The statutory scheme for approval to provide direct-contact services is set out in Minn.Stat. ch. 245C (2008).[1] A person who is seeking employment in a facility licensed by the department and who will be providing direct-contact services must submit to a background check. Minn.Stat. § 245C.03A, subd. 1(a)(3). A person is permanently disqualified from providing direct-contact services if the person was either convicted of certain crimes or it is established by a preponderance of the evidence that the person committed an act that meets the definition of these crimes. Minn.Stat. §§ 245C.14, subd. 1, 245C.15, subd. 1. A disqualified individual may request reconsideration within 30 days of a disqualification decision. Minn.Stat. § 245C.21, subd. 2. Under certain circumstances, the department may set aside a disqualification, but this does not apply to those permanently disqualified from direct contact. Minn.Stat. § 245C.24, subd. 2.

Relator was permanently disqualified because the department found by a preponderance of the evidence that he committed an act equivalent to second-degree assault. A person permanently disqualified by a preponderance of the evidence, rather than a conviction, has the right to request a fair hearing. Minn.Stat. § 245C.27, subd. 1(a); *see also* Minn.Stat. § 256.045, subd. 3(a)(10) (2008) (setting forth preponderance of evidence standard of proof for disqualification). The party seeking a fair hearing must submit a written request within 30 days after receiving written notice of disqualification; this time period can be increased to 90 days for good cause shown. *Id.*

Relator failed to meet these time limitations, either after his initial disqualification in November 2006 or his second disqualification and reconsideration in May 2007. Minn.Stat. § 245C.29, subd. 2(a)(2)(iii), states that if an aggrieved party fails to challenge the department's decision, a determination that a person is disqualified is

1. Relator's contact with the department occurred between 2006 and 2008. The particular statutory sections relied on by the department have not changed significantly from 2006 to 2008.

conclusive. Because relator failed to challenge the determination in a timely fashion, he is conclusively permanently disqualified.

 In the order issued after the fair hearing here, the administrative law judge concluded that the department lacked jurisdiction over relator's appeal because his request was untimely. We disagree. The question is not one of jurisdiction but of whether further proceedings are barred. The time limits here are similar to a statute of limitations, which can bar otherwise legitimate claims. A statute of limitations regulates when a party must file a lawsuit and when a claim is barred because it is untimely. *Mercer v. Andersen,* 715 N.W.2d 114, 119 (Minn.App.2006). Although the effect of a statute of limitations is not strictly jurisdictional, there is "interplay" between the doctrines of jurisdiction and statutes of limitation; if a claim is not brought before the statute of limitations runs, the court has the authority to reject the claim. *Id.*

In *Rubey v. Vannett,* 714 N.W.2d 417, 420 (Minn.2006), the supreme court discussed appellant's failure to schedule a hearing on a motion for a new trial or amended findings within 60 days. The supreme court concluded that the 60–day time limit was a procedural tool and that the district court was not deprived of jurisdiction because of appellant's failure to abide by the rule. *Id.* at 422. Nevertheless, although the supreme court determined that the district court had jurisdiction over the issue, it further concluded that the district court properly dismissed appellant's motion because the hearing was not timely. *Id.* at 423–24.

We conclude, therefore, that although the department did not lack jurisdiction, relator's appeal was untimely and thus barred. Therefore, the department's action was not arbitrary, unreasonable, oppressive, fraudulent, made under an error of law, or unsupported by the evidence. *Rodne,* 547 N.W.2d at 444.

*Due Process*

 Relator further argues that by denying him a fair hearing, the department deprived him of his due process rights. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). But there is no due process violation if an aggrieved party fails to take advantage of an appeal process. *See Campbell v. St. Mary's Hosp.,* 312 Minn. 379, 387, 252 N.W.2d 581, 586 (1977) (affirming board's decision when physician failed to use administrative appeal to challenge the board's decision to rescind his license).

Here, relator was informed of his right to a fair hearing in the department's May 1, 2007 letter affirming his permanent disqualification. Relator was provided with specific information about the timing and means of making an appeal, but he failed to request a hearing and admitted that he had no good reason for failing to pursue an appeal. Under these circumstances, relator was afforded procedural due process.

**DECISION**

Relator was afforded the opportunity for a hearing to challenge the department's order permanently disqualifying him from providing direct-contact services at facilities licensed by the department, but he failed to request a hearing in a timely fashion. Relator was afforded procedural due process, and the department's permanent disqualification decision was not erroneous. We therefore affirm.

**Affirmed.**