**In the Matter of the WELFARE OF S.M.E., Child.**

No. A06–330.

Supreme Court of Minnesota.

Jan. 11, 2007.

Ann McCaughan, Office of the State Public Defender, Minneapolis, MN, for Appellant.

Lori Swanson, State Attorney General, St. Paul, MN, Michael A. Fahey, Carver County Attorney, Janet L. Barke Cain, Assistant Carver County Attorney, Chaska, MN, for Respondents.

## OPINION

ANDERSON, G. Barry, Justice.

S.M.E. seeks review of a decision from the court of appeals holding that his appeal

---

from a district court's adjudication was untimely. We hold that, in the unusual circumstances of this case, an out-of-time appeal should be granted in the interests of justice. Therefore, we reverse and remand to the court of appeals.

Petitioner S.M.E. was charged on April 14, 2005, with two counts of third-degree criminal sexual conduct involving victims 24 months younger than him. S.M.E. admitted to the second count, which occurred when he was a 17–year–old juvenile, and was given a stay of adjudication and six months probation.

On December 12, 2005, the district court held a probation revocation hearing. At that hearing and at two previous hearings, S.M.E. admitted to multiple probation violations. On December 13, the district court issued findings and an order revoking the stay of adjudication. As a result, S.M.E. was placed on indefinite probation and ordered to register as a predatory sex offender, complete two days of community service, provide a DNA sample, and continue to attend therapy.

On December 19, S.M.E.'s attorney faxed a letter to the district court. The letter stated that it was written "pursuant to Minnesota General Rules of Practice 115.11, asking [him] to consider rehearing" the order revoking the stay of adjudication. The letter noted that a hearing had been scheduled for December 27, and that if the court decided not to hear the matter it would be removed from the calendar. As the basis for the rehearing, the letter asserted a lack of due process because the report of S.M.E.'s therapist was not provided to S.M.E. or the state in enough time for either to review it prior to the December 12 hearing.

There is no indication that the district court responded to the letter, but the court held the requested hearing on December 27 "for the purpose of arguing the motion

for reconsideration." At the hearing, the court heard the testimony of S.M.E.'s therapist and received the probation officer's chronological records as exhibits. The court gave the parties two weeks to submit additional written responses to those exhibits. S.M.E. submitted additional information.

On January 12, 2006, the district court issued another set of findings and order. The findings were identical to those issued on December 13 except that they noted the December 27 hearing. The order, in its entirety, read: "The Juvenile's Motion for Reconsideration is hereby denied." Attached to the order was a new memorandum describing the court's "great difficulty in determining the proper course to take in this matter" and citing two reasons for denying the motion for reconsideration: (1) reservations about S.M.E.'s purported low risk to reoffend, and (2) concern for the integrity of the court in light of S.M.E.'s pattern of "impulsive and unlawful" behavior.

On February 13, S.M.E., represented by new counsel, filed a notice of appeal from the January 12 order. On February 15, the state filed a motion to dismiss the appeal, arguing that S.M.E. had thirty days to appeal the January 12 order and that the appeal was thus untimely. *See* Minn. R. Juv. Delinq. P. 21.03 (setting the time to file an appeal at thirty days).

On March 7, the court of appeals dismissed the appeal as untimely for a different reason. The court held that because the thirty-day appeal period beginning January 12 expired on a weekend, Minn. R. Juv. Delinq. P. 31.01 extended the time to file to the following Monday, February 13. S.M.E.'s appeal was therefore timely if the January 12 order was appealable. The court held, however, that the January 12 order was not appealable be-

cause neither the juvenile delinquency rules nor the civil appellate rules recognize a motion for reconsideration as one that extends the time to appeal.

S.M.E. petitioned this court for review, asserting that the December 19 letter extended the time to appeal and that the January 12 order was appealable. In the alternative, S.M.E. requests that we grant an out-of-time appeal either in the interests of justice or for ineffective assistance of appellate counsel for failure to file a timely notice of appeal.

Any effort to neatly apply procedural rules to the history of this case is fruitless. The December 19 letter was, on its face, a request to make a *motion to reconsider* under Minn. R. Gen. Prac. 115.11.[1] That rule does not apply in juvenile delinquency proceedings. *See* Minn. R. Gen. Prac. 101. And the district court did not expressly give permission for S.M.E. to make the motion to reconsider as Rule 115.11 requires, although the court seems to have implicitly granted permission by holding the December 27 hearing.

At that hearing, the district court received the parole officer's chronological records as exhibits and heard brief testimony from S.M.E.'s therapist regarding his progress and risk to reoffend. Thus, the December 27 hearing, although purportedly for the purpose of hearing the motion for reconsideration, was also in the nature of an evidentiary hearing. The January 12 order was styled as a denial of the motion for reconsideration, but the expanded memorandum attached to the order detailed the court's great difficulty in deciding to adjudicate S.M.E., suggesting that the court did, in fact, "reconsider"

his decision, although arriving at the same conclusion the court reached the first time.

The procedural effects of the letter, the hearing, and the order are thus open for debate, and S.M.E. invokes them all. His brief is an amalgam of disparate authorities that never makes quite clear the grounds on which he believes his appeal can be deemed timely. We will attempt to discern those grounds and address each as appropriate.

■■■ We interpret procedural rules de novo. *Madson v. Minn. Mining & Mfg. Co.*, 612 N.W.2d 168, 170 (Minn.2000). When construing procedural rules, we look to the plain language of the rule and its purpose. *Id.* at 171. Our policy is to preserve the right to appeal, simplify practice, and lessen confusion. *Huntsman v. Huntsman*, 633 N.W.2d 852, 855 (Minn. 2001). Minnesota Statutes § 260B.415 (2004) provides an appeal as of right for a child adjudicated delinquent. An appeal in a juvenile delinquency proceeding must be taken within thirty days of an appealable order. Minn. R. Juv. Delinq. P. 21.03, subd. 2(A).

S.M.E. appears to rely, in part, on the comments to Minn. R.Crim. P. 28.05 and *State v. Wollan*, 303 N.W.2d 253, 254 (Minn.1981), which indicate that a good-faith timely motion by a prosecuting attorney for clarification or rehearing of an appealable order extends the time to appeal from that order. S.M.E. argues that his good-faith motion for rehearing of the appealable December 13 order should similarly be viewed as extending the time for appeal of that order. Otherwise, he contends, his equal protection rights would be

---

1. Rule 115.11 provides:

   Motions to reconsider are prohibited except by express permission of the court, which will be granted only upon a showing of compelling circumstances. Requests to make such a motion, and any responses to such requests, shall be made only by letter to the court of no more than two pages in length, a copy of which must be sent to opposing counsel.

violated. This argument is to no avail, however, because the Rules of Civil Appellate Procedure, not the Rules of Criminal Procedure, apply to appeals from juvenile delinquency proceedings. *See* Minn. R. Juv. Del. P. 21.01.

S.M.E.'s letter to the district court referenced Minn. R. Gen. Prac. 115.11, which authorizes motions for reconsideration if expressly allowed by the court, and asked "that this matter be reconsidered." While certain post-decision motions extend the time to appeal until those motions have been decided, motions for reconsideration do not. Minn. R. Civ.App. P. 104.01, subd. 2. Motions for reconsideration were deliberately excluded from the list in Rule 104.01 because such motions are never mandated and are considered only at the district court's discretion. *Id.*, Advisory Committee Comment—1998 Amendments.

Recognizing this, S.M.E. now characterizes his motion as one for reconsideration *"and* rehearing." Indeed, the December 19 letter not only asks for reconsideration, but also states that S.M.E.'s attorney "is asking [the court] to consider *rehearing* the [S.M.E.] ruling that was filed December 13, 2005." (Emphasis added.) Like a motion for reconsideration, a motion for rehearing is not among those motions expressly listed as extending the appeal period in Rule 104.01, subd. 2. But the juvenile rules provide that denial of a motion for rehearing is a final appealable order in the same provision that includes denial of a new trial motion, Minn. R. Juv. Delinq. P. 21.03, subd. 1(A)(5), and Minn. R. Civ. App. P. 104.01, subd. 2, provides that motions for new trial extend the appeal period.

■ Whatever the meaning of the confluence of these rules, S.M.E.'s argument appears to focus on the fact that a hearing, indeed an evidentiary hearing,[2] was held as a result of his request for reconsideration/rehearing. Where a district court allows a motion for reconsideration to proceed and hears the motion, the parties and the court would seem to be faced with the same procedural dilemma that the tolling provision of Rule 104.01, subd. 2, was intended to address: "to clarify when parties can file appeals, and to provide consistent means for district courts to consider all pending motions without losing jurisdiction by a premature appeal." *Huntsman,* 633 N.W.2d at 855. Here, when the court held an evidentiary hearing and opened the record within the thirty-day appeal period, S.M.E. was placed in the very predicament Rule 104.01, subd. 2, tries to eliminate: appeal and divest the district court of jurisdiction over a pending motion, or wait for the court's order and risk losing the appeal entirely.

It might be appropriate to provide for tolling of the appeal period in all such procedural circumstances, and it certainly would be appropriate to clarify the tolling rules, but lacking the opportunity for considered input from the bench and bar through our rulemaking process, we decline now to adopt such a blanket rule. Instead, we believe the circumstances here warrant the exercise of our inherent authority to allow an appeal to proceed in the interests of justice. *See In re Welfare of J.R., Jr.,* 655 N.W.2d 1, 3–4 (Minn.2003). In *J.R., Jr.,* we declined to create a wholesale "good cause" exception under this in-

---

**2.** The state argues that the hearing was not "evidentiary" because no new facts were presented and no testimony was heard. The first contention is accurate, but the second is not. It appears that the probation records entered as exhibits at the December 27 hearing had been discussed before and were only entered to make a record for appeal. But S.M.E.'s therapist testified, briefly, as to S.M.E.'s progress. While the testimony probably added little to what the district court had already heard, it was testimony nonetheless.

herent authority for failure to follow the rules by mere inadvertence or otherwise. *Id.* at 4–5. Rather, we explained that we have allowed appeals to go forward in the interests of justice "on the basis of peculiar facts, such as recent changes in the law or interpretation issues" and emphasized that "it is an exceptional case that merits such a departure from the rules that we have recognized as jurisdictional and leads the court to invoke our inherent powers." *Id.* at 4. For a number of reasons, this is such a case.

First, juvenile delinquency matters are something of a procedural hybrid, increasing the risk of confusion regarding proper procedure. The Rules of Juvenile Delinquency Procedure contain specific rules relating to appeals from those proceedings, Minn. R. Juv. Del. P. 21, but also incorporate the Rules of Civil Appellate Procedure, Minn. R. Juv. Del. P. 21.01. In addition, the nature of delinquency proceedings is often more akin to criminal proceedings, and many of the juvenile delinquency procedure rules are modeled on their analogs in the Rules of Criminal Procedure. *See, e.g.,* Minn. R. Juv. Delinq. P., Comment—Rule 10. Rule 21 even expressly incorporates one aspect of criminal appellate procedure, Minn. R. Juv. Delinq. P. 21.03, subd. 1 (allowing a petition for discretionary review under Minn. R.Crim. P. 28.02, subd. 3).[3]

Second, S.M.E.'s December 19 letter to the juvenile court referenced Minn. R. Gen. Prac. 115.11, which does not apply to proceedings governed by the Rules of Juvenile Delinquency Procedure. *See* Minn. R. Gen. Prac. 101. The letter also expressly requested rehearing, and the rules of juvenile delinquency procedure make denial of a motion for rehearing an appeal-able order. Minn. R. Juv. Del. P. 21.03, subd. 1(A)(5).

Third, the hearing scheduled by S.M.E.'s counsel was held within the appeal period from the December 13 order, so if the court had denied permission to proceed with the motion, a timely appeal could have been filed.

Most importantly, the district court held the hearing, allowed the introduction of two exhibits to make the record more complete for appeal, took testimony (albeit limited) from S.M.E.'s therapist, and allowed the parties to file additional written submissions. Given these circumstances, counsel could reasonably understand the case to be under advisement, suggesting that an appeal would be premature. *Cf. Servin v. Servin,* 345 N.W.2d 754, 758 (Minn.1984) (stating that requiring an appeal from the original judgment while the issues were under consideration by a district court appeal panel would defy common sense and sound judicial practice). And although the court's subsequent January 12 order reached the same result as the December 13 order and stated that the motion for reconsideration was denied, the accompanying memorandum demonstrates that the court had indeed taken the matter under advisement and reconsidered, but not changed, its prior ruling.

Under these circumstances, allowing the appeal to go forward in the interests of justice is consistent with the purpose of the recent amendments to Minn. R. Civ. App. P. 104 to provide district courts with a means to consider postdecision motions without losing jurisdiction by a premature appeal and our policy of preserving the right to appeal. *See Huntsman,* 633 N.W.2d at 855. Moreover, it provides appropriate relief in this case while allowing time to consider further rulemaking to

---

**3.** We have also recognized that juvenile delinquency proceedings have both rehabilitative and punitive aspects. *See State v. McFee,* 721 N.W.2d 607, 612–14 (Minn.2006).

clarify the rules and eliminate traps for the unwary.

We remand to the court of appeals for further proceedings not inconsistent with this opinion.

Reversed and remanded.