Jay R. LITTLE, Relator,

v.

ARROWHEAD REGIONAL
CORRECTIONS,
Respondent,

Commissioner of Veterans
Affairs, Respondent.

No. A09–1185.

Court of Appeals of Minnesota.

Oct. 20, 2009.

Paul Lelii, St. Paul, MN, for relator.

Melanie Ford, St. Louis County Attorney, Dale O. Harris, Assistant County Attorney, Duluth, MN, for respondent Arrowhead Regional Corrections.

Lori Swanson, Attorney General, Kelly S. Kemp, Assistant Attorney General, St. Paul, MN, for respondent Commissioner of Veterans Affairs.

Considered and decided by TOUSSAINT, Chief Judge; MINGE, Judge; and STAUBER, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

Respondent Commissioner of Veterans Affairs (the commissioner) issued a decision and order on the veterans-preference claims of relator Jay R. Little concerning his dismissal by respondent Arrowhead Regional Corrections (Arrowhead). Little received the decision, dated June 2, 2009, on June 6. He mailed a request for reconsideration on June 10. On July 1, before learning whether that request had been granted, he tried to withdraw it and served his certiorari appeal. On July 2, the commissioner's order granting reconsideration of all issues was mailed to Little and to Arrowhead, which had argued that reconsideration, if granted, not be limited to the issues identified by Little. The commissioner now moves to dismiss the appeal and discharge the writ of certiorari.

## DECISION

A party seeking appellate review of a final agency decision in a contested-case proceeding must file a petition for certiorari with this court and serve the petition on the agency within 30 days after receiving the decision. Minn.Stat. § 14.63 (2008). A request for an agency's reconsideration of its decision is not a prerequisite for appellate review, but, if a request for reconsideration is made within ten days after the agency decision, the time for serving and filing the petition for certiorari does "not begin to run until service of the order finally disposing of the application for reconsideration." Minn.Stat. § 14.64 (2008).

■ There is no dispute that Little made a timely request for reconsideration. Minn. R. Civ.App. P. 104.01, subd. 3, pro-

vides that an appeal taken while certain motions (specified in the rule) are pending "is premature and of no effect, and does not divest the trial court of jurisdiction to dispose of the motion." But a request for reconsideration is not on this list of tolling motions, and the commissioner has not established that the filing of a request for reconsideration, which may or may not be granted, renders the decision less final or appealable.

■ Accordingly, once Little's appeal was perfected, the commissioner's jurisdiction over the pending request for reconsideration was suspended; the commissioner retained jurisdiction only over collateral matters not affecting the decision being appealed. *See* Minn. R. Civ.App. P. 108.01, subd. 1 ("[T]he filing of a proper and timely appeal suspends the authority of the trial court to make any order necessarily affecting the order or judgment appealed from.").

■ But even when an appeal is not premature under Minn. R. Civ. P. 104.01, subd. 3, a pending postdecision motion provides an appropriate basis for deferring appellate review so the original decision-maker can address the motion. *See Marzitelli v. City of Little Canada*, 582 N.W.2d 904, 907 (Minn.1998) (advocating stay on appeal as means of enabling original decision-maker to decide on motion); *see also* Minn. R. Civ.App. P. 104.01, subd. 2 (extending time for appeal until service of notice of filing of order disposing of postdecision motion); 3 David F. Herr & Sam Hanson, *Minnesota Practice* § 104.4 (2009).

Permitting the original decision-maker to consider and rule on postdecision motions before appellate review has three potential benefits. First, it may eliminate the need for appellate review. *Alpha Real Estate Co. v. Delta Dental Plan*, 664 N.W.2d 303, 309 (Minn.2003). Second,

parties may have more fully developed " 'critical aspects of the record' " in the event of appellate review. *Id.* (quoting *Sauter v. Wasemiller*, 389 N.W.2d 200, 201 (Minn.1986)). Third, the original decision-maker may take the opportunity "to flesh out the reasoning behind [its] ruling." *Id.* at 311. The original decision-maker also has the opportunity to correct any errors it may find. *Id.* at 309.

■ These potential benefits are likely to occur here. The commissioner has expressed a willingness to reconsider the matter and has identified specific issues to be addressed by the parties. A decision after reconsideration may eliminate the need for appellate review. Even if appellate review is eventually sought, the commissioner's framing of the issues on reconsideration suggests that the record will be more fully developed after reconsideration. We note that some of the issues identified by the commissioner overlap with the issues identified in Little's statement of the case accompanying his appeal to this court. Developing the reasoning behind the commissioner's decision improves the commissioner's decision, aids the parties in their understanding of the commissioner's decision, and ultimately would assist this court when reviewing the decision. On these facts, we will remand the matter for reconsideration by the commissioner.

■ Finally, Little complains that the commissioner's grant of reconsideration is not limited to the issues raised by Little but includes issues raised by Arrowhead. Little has not identified any statute or rule limiting the scope of reconsideration or restricting the commissioner to issues identified by the party seeking reconsideration. *See In re N. Metro Harness, Inc.*, 711 N.W.2d 129, 134 (Minn.App.2006) (stating "statute does not limit requests for reconsideration solely to those made by a party"), *review denied* (Minn. June 20, 2006). Moreover, on appeal to this court,

Arrowhead would be able to raise its issues. *See* Minn. R. Civ.App. P. 106 (providing for respondent's right to obtain review). Judicial economy is therefore served by permitting the commissioner to reconsider all issues, not just those identified by Little. Any party aggrieved by the post-reconsideration decision of the commissioner may seek appellate review in accordance with Minn.Stat. § 14.63.

**Writ of certiorari discharged and remanded.**