NORTH STAR INTERNATIONAL TRUCKS, INC. d/b/a Astleford International Trucks, et al., Respondents,

v.

NAVISTAR, INC., Appellant,

Boyer Ford Trucks, Inc., Defendant.

No. A13–0304.

Court of Appeals of Minnesota.

Aug. 26, 2013.

Robert L. DeMay, Douglas R. Boettge, Liz Kramer, Leonard, Street and Deinard Professional Association, Minneapolis, MN, for respondents.

George W. Soule, Melissa R. Stull, Bowman and Brooke LLP, Minneapolis, MN; and Kristine Argentine (pro hac vice), Seyfarth Shaw, LLP, Chicago, IL, for appellant.

Considered and decided by CLEARY, Presiding Judge; HOOTEN, Judge; and HUSPENI, Judge.*

## OPINION

CLEARY, Judge.

Following a judgment on litigation costs and disbursements, appellant brought a motion for reconsideration and the district court amended the judgment and directed entry of a second judgment on costs and disbursements. The district court later issued an order vacating the second cost judgment and reaffirming the first cost judgment, holding that it lacked jurisdiction to amend the first cost judgment. Appellant challenges the court's decision to vacate the second cost judgment. We affirm.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

In 2010, litigation commenced between appellant Navistar, Inc., a manufacturer of trucks and truck parts, and respondents North Star International Trucks, Inc. d/b/a Astleford International Trucks, and Astleford Equipment Co. Inc., d/b/a/ Astleford International Idealease & Isuzu, dealers of those trucks and truck parts. Following a multi-week trial, the jury returned a verdict in favor of appellant, and the district court ordered respondents to pay appellant's litigation costs and disbursements. Appellant filed a bill of costs and disbursements, seeking to tax $358,275.83 in costs and disbursements, including $232,063.65 in expert-witness fees, against respondents. The court administrator determined that appellant could tax $46,850.26 in costs and disbursements, including $6,625 in expert-witness fees. The parties appealed the court administrator's decision to the district court, and the court ordered respondents to pay $53,438.02 for appellant's costs and disbursements. This amount included no award for expert-witness fees because the court determined that it had no evidence from which to determine whether those fees were reasonable. Judgment on costs and disbursements was entered on July 26, 2012 (the first cost judgment).

On August 9, 2012, appellant sent a letter to the district court requesting leave to file a motion for reconsideration pursuant to Minn. R. Gen. Pract. 115.11. Appellant sought reconsideration of the court's denial of taxation of expert-witness fees, claiming that the court did have sufficient evidence from which it could conclude that those fees were reasonable. The following day, the court sent the parties an e-mail indicating that it would consider appellant's request during the final week of August.

The district court took no action on appellant's request until October 5, 2012, when it issued an order stating that it would entertain a motion for reconsideration of its decision on costs and disbursements. On October 15, 2012, appellant filed a motion for reconsideration pursuant to Minn. R. Gen. Pract. 115.11. The court subsequently ordered respondents to pay $160,438.02 for appellant's costs and disbursements, including $107,000 in expert-witness fees. The court determined that this amount in fees was reasonable, based on the experts' qualifications, hourly rates, and trial testimony. The court amended the first cost judgment, and a second judgment on costs and disbursements was entered on October 22, 2012 (the second cost judgment).

On November 16, 2012, respondents filed a motion to vacate the second cost judgment, arguing that the district court lacked jurisdiction to amend the first cost judgment and that the second cost judgment was therefore void. On December 18, 2012, the court issued an order vacating the second cost judgment, reaffirming the first cost judgment, and staying enforcement of the first cost judgment pending appeal. The court held that it lacked jurisdiction to amend the first cost judgment and direct entry of the second cost judgment because its jurisdiction to do so did not extend beyond expiration of the time for appeal of the first cost judgment. This appeal follows.

## ISSUES

I. Did the district court err by vacating the second cost judgment and reaffirming the first cost judgment?

II. Should this court grant appellant relief in the interests of justice?

## ANALYSIS

### I. Did the district court err by vacating the second cost judgment and reaffirming the first cost judgment?

Appellant challenges the district court's order of December 18, arguing that

the court did have jurisdiction to amend the first cost judgment and direct entry of the second cost judgment. A jurisdictional issue is a question of law, which we review de novo. *Harms v. Oak Meadows*, 619 N.W.2d 201, 202 (Minn.2000). The interpretation and application of procedural rules is also a question of law to be reviewed de novo. *Eclipse Architectural Grp. v. Lam*, 814 N.W.2d 692, 696 (Minn. 2012). Procedural rules should be interpreted in accordance with their plain language and purpose. *Rubey v. Vannett*, 714 N.W.2d 417, 421 (Minn.2006).

■ "If the time for appeal from an order expires without appeal having been taken, then the order becomes final and the district court's jurisdiction to amend the order is terminated." *Marzitelli v. City of Little Canada*, 582 N.W.2d 904, 906 (Minn.1998); *see also Mingen v. Mingen*, 679 N.W.2d 724, 727 (Minn.2004) (reiterating that, after the passing of the period in which to appeal, an order becomes final, a motion to amend is untimely, and the district court's jurisdiction to amend terminates). "Unless a different time is provided by statute, an appeal may be taken from a judgment within 60 days after its entry...." Minn. R. Civ.App. P. 104.01, subd. 1. "[A] motion for reconsideration does not toll any time periods or deadlines, including the time to appeal." Minn. R. Gen. Pract. 115 1997 advisory comm. cmt; *see also Limongelli v. GAN Nat'l Ins. Co.*, 590 N.W.2d 167, 168 (Minn.App.1999). The first cost judgment was entered on July 26, 2012, and an appeal could have been taken from that judgment within 60 days, or through September 24, 2012. When an appeal of the first cost judgment was not taken during that time, the judgment became final. The district court's jurisdiction to amend the first cost judgment terminated, and thus the second cost judgment was void and was properly va-

cated. *Cf. Kulinski v. Medtronic Bio-Medicus, Inc.*, 577 N.W.2d 499, 502 (Minn. 1998) (stating that a judgment entered by a court without jurisdiction is void).

■ If a motion affecting an order or judgment is pending in district court, the time to appeal the order may be preserved by filing a timely appeal and then applying to the appellate court for a stay of the appeal while the district court decides the pending motion. *Marzitelli*, 582 N.W.2d at 907. This court has previously expressed approval of this process because allowing the district court to decide the postdecision motion may eliminate the need for appellate review, allow parties to more fully develop the record in the event that appellate review is necessary, and/or enable the district court to clarify its reasoning and correct errors. *See Little v. Arrowhead Reg'l Corr.*, 773 N.W.2d 344, 346 (Minn.App.2009). Appellant did not take advantage of this process to preserve the right to appellate review, and thus the district court's jurisdiction to amend the first cost judgment terminated.

Pursuant to Minn. R. Civ.App. P. 104.01, subd. 2, the service of certain postdecision motions tolls the running of the time to appeal until they have been resolved, without the need to file an appeal and then apply for a stay. *See* Minn. R. Civ.App. P. 104.01 1998 advisory comm. cmt.; *Huntsman v. Huntsman*, 633 N.W.2d 852, 854–55 (Minn.2001). The list of motions enumerated in rule 104.01, subdivision 2, is "intended to be exhaustive" and "avoid a party's erroneous assumption that an improper or unauthorized motion would prevent the running of an appeal deadline." Minn. R. Civ.App. P. 104.01 1998 advisory comm. cmt. Notably, "[t]he motions enumerated in [subdivision 2] exclude 'motions for reconsideration' because these motions are never required by the rules and are

considered only if the [district] court permits the motion to be filed." *Id.*

The absence of motions for reconsideration or rehearing in the list of motions giving tolling effect in Rule 104.01, subd. 2, is intentional. Neither requesting leave to file such a motion . . ., the granting of that request so the motion can be filed, nor the actual filing of the motion will toll or extend the time to appeal. A party seeking to proceed with a motion for reconsideration should pay attention to the appellate calendar and must perfect the appeal regardless of what progress has occurred with the reconsideration motion.

Failure to file a timely appeal may be fatal to later review. If a timely appeal is filed notwithstanding the pendency of a request for reconsideration in the [district] court, the court of appeals can accept the appeal as timely, but stay it to permit consideration of the reconsideration motion.

Minn. R. Civ.App. P. 104.01 2008 advisory comm. cmt. (citing *Marzitelli*, 582 N.W.2d at 907). Appellant's request to bring a motion for reconsideration did not toll the deadline to appeal or extend the district court's jurisdiction to amend the first cost judgment.

■ We recognize that, under Minn. R. Civ. P. 60.02, a district court may relieve a party from a final judgment and grant such relief as may be just for specific reasons. *See Carter v. Anderson*, 554 N.W.2d 110, 113 (Minn.App.1996) (stating that rule 60.02 "reflects a balance between the need for finality in judgments and the need for relief from judgments under very specific circumstances"), *review denied* (Minn. Dec. 23, 1996). A motion for relief under rule 60.02 may be made "within a reasonable time" and, in certain instances, not more than one year after entry of the judgment. Minn. R. Civ. P. 60.02. But appellant did not request, and the district court did not grant, relief from the first cost judgment pursuant to rule 60.02.

■ Appellant argues that the district court's jurisdiction over the issue of costs and disbursements continued indefinitely pursuant to Minn. R. Civ.App. P. 108.01, subd. 2. That subdivision states that "the filing of a timely and proper appeal suspends the [district] court's authority to make any order that affects the order or judgment appealed from, although the [district] court retains jurisdiction as to matters independent of, supplemental to, or collateral to the order or judgment appealed from." Minn. R. Civ.App. P. 108.01, subd. 2. A request for expert-witness fees is a matter collateral to and independent of a judgment on the merits of litigation. *Spaeth v. City of Plymouth*, 344 N.W.2d 815, 825 (Minn.1984). Rule 108.01, subdivision 2, allows a district court to decide matters that are collateral to an order or judgment while that order or judgment is on appeal. The rule does not state that a district court retains jurisdiction indefinitely to rule on collateral matters, even after a judgment has been entered on that collateral matter and the time for appeal has expired. Appellant's interpretation of rule 108.01, subdivision 2, is not supported by the rule's plain language.

Because the time to appeal the first cost judgment expired without an appeal being taken, the first cost judgment became final and the district court's jurisdiction to amend it upon a motion for reconsideration terminated. The second cost judgment was void and was properly vacated.

## II. Should this court grant appellant relief in the interests of justice?

■ Alternatively, appellant contends that, given the circumstances of this case, this court should grant relief in the inter-

ests of justice and reinstate the second cost judgment. "The appellate courts may reverse, affirm or modify the judgment or order appealed from or take any other action as the interest of justice may require." Minn. R. Civ.App. P. 103.04. But this court is primarily an error-correcting court. *Sefkow v. Sefkow,* 427 N.W.2d 203, 210 (Minn.1988).

It is unclear on what basis appellant would have this court simply reinstate a void judgment. Appellant maintains that it made meritorious and persuasive points in its motion for reconsideration, leading the district court to amend the first cost judgment and direct entry of the second cost judgment. Appellant's request for reinstatement of the second cost judgment appears to invite this court to revive the district court's jurisdiction to have considered those points, but appellant provides no authority establishing that this court can revive jurisdiction when there was no timely appeal.

Appellant cites *In re Welfare of S.M.E.,* 725 N.W.2d 740 (Minn.2007), to support its argument that this court should grant relief in the interests of justice. We note that, in *S.M.E.,* the remedy granted by the supreme court in the interests of justice was acceptance of an out-of-time appeal. 725 N.W.2d at 741. This court is specifically precluded from extending the deadline to appeal or considering an untimely appeal. Minn. R. Civ.App. P. 126.02; *see Twp. of Honner v. Redwood Cnty.,* 518 N.W.2d 639, 641 (Minn.App.1994), *review denied* (Minn. Sept. 16, 1994).

Moreover, despite appellant's contention that this case is "procedurally indistinguishable from" and "presents an identical circumstance" to that presented in *S.M.E.,* the facts are clearly distinguishable. In *S.M.E.,* the district court issued an order revoking a stay of adjudication in a juvenile-delinquency proceeding, after which the juvenile submitted a letter requesting a hearing for the court to reconsider the revocation. 725 N.W.2d at 741. The district court held an evidentiary hearing, implicitly granting the juvenile permission to make a motion for reconsideration. *Id.* at 741–42. On the day that the time to appeal the revocation order expired, the district court issued a second order denying the motion for reconsideration. *Id.* at 741. The juvenile then filed a notice of appeal from the second order. *Id.* This court dismissed the appeal, holding that the second order was not appealable because the motion for reconsideration did not extend the time to appeal. *Id.* at 741–42. The supreme court reversed and remanded, ruling that the appeal should be considered in the interests of justice. *Id.* at 741–45. The supreme court determined that, because the district court had allowed the motion for reconsideration to proceed and held an evidentiary hearing within the period to appeal the revocation order, the juvenile "could reasonably understand the case to be under advisement, suggesting that an appeal would be premature." *Id.* at 743–44. The supreme court also noted that "juvenile delinquency matters are something of a procedural hybrid, increasing the risk of confusion regarding proper procedure," and that the procedural rule authorizing motions for reconsideration does not actually apply in juvenile-delinquency proceedings. *Id.* at 744.

The case at hand does not involve a juvenile-delinquency proceeding, so to the extent that the ruling in *S.M.E.* is attributable to confusion regarding proper procedure in juvenile-delinquency matters, that reasoning is inapplicable here. Additionally, unlike in *S.M.E.,* a motion for reconsideration was not under advisement when the period to appeal the first cost judgment expired on September 24, 2012. Rather, at that point, appellant had only

submitted a request to bring a motion for reconsideration and had no guarantee that the district court would even permit the filing of such a motion. *Cf.* Minn. R. Gen. Pract. 115.11 ("Motions to reconsider are prohibited except by express permission of the court, which will be granted only upon a showing of compelling circumstances."). Because appellant could have filed a timely appeal of the first cost judgment, we decline to grant relief in the interests of justice.[1]

## DECISION

Because appellant's request for leave to file a motion for reconsideration did not toll the time to appeal the first cost judg-

ment or prevent it from becoming final, the district court's jurisdiction to amend the first cost judgment terminated before it directed entry of the second cost judgment, and the second cost judgment was therefore void. The district court did not err by vacating the second cost judgment and reinstating the first cost judgment.

**Affirmed.**

---

1. Appellant has also raised an argument regarding the district court's decision to stay enforcement of the first cost judgment pending appeal. The parties conceded during oral argument that this issue is moot, and there-fore we will not address it. Additionally, given our holding in this case, we need not address the issues raised in respondents' related appeal.