*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2277**

In re the Marriage of:
Kenneth M. Kuller, petitioner,
Appellant,

vs.

Elizabeth A. Kuller,
Respondent

**Filed August 11, 2014
Affirmed
Hudson, Judge**

Hennepin County District Court
File No. 27-FA-000301061

Kenneth M. Kuller, Minneapolis, Minnesota (pro se appellant)

Elizabeth A. Kuller, Edina, Minnesota (pro se respondent)

Considered and decided by Smith, Presiding Judge; Halbrooks, Judge; and Hudson, Judge.

## UNPUBLISHED OPINION

**HUDSON**, Judge

On appeal from the district court's dismissal of his motion to review a child-support magistrate's order, appellant argues that the district court erred by dismissing his motion as untimely. We affirm.

**FACTS**

Appellant Kenneth M. Kuller and respondent Elizabeth A. Kuller were married and had two children. A judgment and decree for dissolution of their marriage was entered in 2007; that judgment established child custody and support arrangements. Appellant brought a motion to modify child support based on the emancipation of one of the children. On July 31, 2013, a child-support magistrate issued an order lowering appellant's child-support obligation and imposing other requirements related to medical and dental expenses. Attached to that order was a notice informing appellant that he had a "right to bring a Motion to Correct Clerical Mistakes, a Motion for Review, a Combined Motion, or you may appeal the attached decision and order directly to the Court of Appeals." The instructions for bringing a motion to review specifically stated that all of the steps must be completed by August 23, 2013. Those steps include serving a copy of the motion on the other parties, filing the original motion and proof of service with the court administrator, paying filing fees, and completing a request for a transcript if required.

On August 12, 2013, appellant's attorney mailed a letter to the magistrate who issued the July 31 order requesting permission "to bring a motion to reconsider . . . pursuant to Rule 115.11 of the Minnesota General Rules of Practice for the District Courts." On October 17, 2013, the magistrate filed an order that "dismissed" appellant's request for permission to bring a motion to reconsider. The order notes that because the letter was filed as correspondence, not as a motion, it was not promptly brought to the magistrate's attention. Further, the order notes that the Rules of Expedited Child Support

2

Process (a subpart of the General Rules of Practice) do not permit motions to reconsider, and that the letter did not meet the requirements of a motion to review.

On October 29, 2013, appellant filed a pro se motion to review, requesting that a district court judge review the July 31 order. Appellant claimed that because a motion for reconsideration under Minn. R. Gen. Pract. 115.11 "does not toll any time periods or deadlines," the time for bringing a motion to review the July 31 order did not begin to run until his request for reconsideration was denied on October 17, 2013. On November 25, 2013, the district court issued an order dismissing appellant's motion to review, stating that "Motions to Reconsider are not allowed in the Expedited Child Support Process" and that, because appellant had not properly followed the procedures for filing a motion to review from the July 31 order, his October 29 motion was untimely. This appeal follows.

## DECISION

Appellant argues that his attorney's August 12 letter requesting permission to file a motion to reconsider effectively extended the timing requirements for filing a motion to review. In the alternative, appellant argues that this court should, in the interests of justice, reverse the district court's denial of his motion to review.

Rule 377.01 of the Expedited Child Support Process Rules states "[e]xcept for motions to correct clerical mistakes, motions for review, or motions alleging fraud, all other motions for post-decision relief are precluded." Thus, appellant's letter requesting permission to file a motion to reconsider under Minn. R. Gen. Pract. 115.11 sought a remedy not available under the expedited-child-support process. Nor does a motion for reconsideration under rule 115.11 extend any time period for an appeal or other motion as

3

appellant suggests. *See In re Welfare of S.M.E.*, 725 N.W.2d 740, 743 (Minn. 2007) (stating that "[w]hile certain post-decision motions extend the time to appeal until those motions have been decided, motions for reconsideration do not"). Accordingly, the district court did not err by concluding that appellant's October 29 motion to review the July 31 order was untimely because it was filed after the August 23 deadline.

We also decline to reverse the district court's order in the interests of justice. *See id.* at 744 (permitting an untimely appeal in the interests of justice based on confusion over the tolling of deadlines). While we recognize that there was a delay in the magistrate's response to the August 12 letter, the attachment to the July 31 order clearly identified the proper procedures for obtaining review of the order, which did not include a motion for reconsideration.

**Affirmed.**