**Irina Alexandrovna JOHNSON, and on behalf of Angelique Nina JOHNSON, petitioner, Appellant,**

v.

**Bryan Craig JOHNSON, Respondent.**

**No. A06–977.**

Court of Appeals of Minnesota.

Jan. 30, 2007.

Brenda S. Denton, Legal Aid Service of Northeastern Minnesota, Duluth, MN, for appellant.

Bill L. Thompson, Duluth, MN, for respondent.

Considered and decided by MINGE, Presiding Judge; SHUMAKER, Judge; and HUDSON, Judge.

## OPINION

HUDSON, Judge.

In November 2004, the district court granted appellant Irina Alexandrovna Johnson an emergency ex parte order for protection ("OFP") against respondent Bryan Craig Johnson. In August 2005, the district court dismissed the OFP after an evidentiary hearing. During an unrelated September 2005 marriage-dissolution hearing, respondent requested attorney fees for costs incurred defending against the previously dismissed OFP. The district court subsequently ordered appellant to pay respondent's attorney fees incurred defending against the OFP. Appellant argues that the fee award constitutes an abuse of discretion because respondent did not adhere to the statutory "safe-harbor" requirements of Minn.Stat. § 549.211 (2004) and Minn. R. Civ. P. 11. Because the mandatory "safe-harbor" provisions of Minn.Stat. § 549.211 (2004) and Minn. R. Civ. P. 11 were not met, we reverse.

## FACTS

Appellant and respondent were married in 1999. Appellant left the relationship in November 2004, when she departed their home with a police escort. In November 2004, she petitioned for and was granted an emergency ex parte order for protec-

tion against respondent. In December 2004, the district court issued an OFP after respondent failed to appear for the hearing. Appellant alleged a history of domestic violence, physical assault, and emotional abuse, including respondent's threats to kill her and himself if she left him or sought child support. Appellant contends that she feared for her own safety. Immediately after receiving notice of the OFP, respondent took steps to vacate the default judgment. Both parties agreed to an evidentiary hearing, at which the district court found the testimony of respondent "overwhelmingly credible" and the testimony of appellant "incredible and not to be believed." The district court dismissed the ex parte OFP with prejudice, stating that appellant "failed to prove by a preponderance of the evidence" that domestic abuse had occurred.

At a pretrial hearing in a separate proceeding to dissolve the parties' marriage, respondent made an oral request for attorney fees incurred in the OFP proceeding. The issue was scheduled for hearing and respondent subsequently filed a letter with the court seeking attorney fees incurred in the OFP proceeding. A copy of the letter was sent to opposing counsel. The letter was accepted by the district court as a notice of motion and motion for fees incurred defending against the ex parte OFP. The October 2005 hearing concerned only the issue of attorney fees. Counsel for appellant admitted at the hearing to receiving a letter from respondent requesting attorney fees but "did not view it as a motion."

In December 2005, the district court awarded attorney fees to respondent under Minn.Stat. § 549.211 (2004) and Minn. R. Civ. P. 11, allowing respondent to recover the entirety of the funds expended to defend against appellant's "unsubstantiated and unfounded allegations." Appel-

lant's informal petition for reconsideration was denied. The district court found that the letter sent by respondent in September 2005 was adequate notice as it was supplied to both the district court and opposing counsel. This appeal follows.

## ISSUE

Did the district court err as a matter of law in awarding respondent attorney fees without applying the "safe-harbor" provisions of Minn.Stat. § 549.211 (2004) and Minn. R. Civ. P. 11?

## ANALYSIS

■■■ Appellant argues that the district court abused its discretion when it awarded respondent attorney fees without requiring respondent to follow the applicable statutory and procedural guidelines. An award of attorney fees is reviewed for an abuse of discretion. *Becker v. Alloy Hardfacing & Eng'g Co.*, 401 N.W.2d 655, 661 (Minn.1987). Here, however, the issue is whether the district court misinterpreted Minn.Stat. § 549.211 (2004) and Minn. R. Civ. P. 11 when it failed to apply the "safe-harbor" provision of the statute and rule. Appellate courts review a district court's interpretation of statutes and rules de novo. *Weston v. McWilliams & Assocs.*, 716 N.W.2d 634, 638 (Minn.2006) (statutes); *Rubey v. Vannett*, 714 N.W.2d 417, 421 (Minn.2006) (rules).

The mandatory opportunity to respond to a motion for attorney fees made under Minn.Stat. § 549.211 or rule 11 is provided for in the "safe-harbor" provisions of those authorities. Minn. R. Civ. P. 11.03(a)(1) "independently requires that a party seeking sanctions serve its motion on the non-moving party, wait for 21 days, and, if the challenged material has not been withdrawn or corrected by then, file the motion for sanctions in the district court." *Gibson v. Coldwell Banker Burnet*, 659 N.W.2d 782, 789 (Minn.App.2003). This

"safe-harbor" provision is intended to give the offending party time to "withdraw the improper papers or otherwise rectify the situation." *Id.* at ·790. Minn.Stat. § 549.211, subd. 4(a) (2004) includes an almost identically worded "safe-harbor" provision.

A request for conduct-based attorney fees made under Minn.Stat. § 549.211 or rule 11 that arises out of the conduct of a party in a district court proceeding must be presented to the district court at a stage in the proceedings where the deterrent effect of the applicable rule and statute will be advanced. *Empire Fire & Marine Ins. Co. v. Carlson,* 476 N.W.2d 666, 669 (Minn.App.1991). "Since one of the primary purposes of Rule 11 is to deter litigation abuse, this notice should be given as early as possible during the proceedings to provide the attorney and party the opportunity to correct future conduct." *Id.* "A policy of deterrence is not well served by tolerating abuses during the course of an action and then punishing the offender after the trial is at an end." *Id.*

Here, appellant argues that the September 2005 letter from respondent requesting attorney fees did not provide her with the opportunity to respond or correct her action under Minn.Stat. § 549.211, subd. 4(a), or Minn. R. Civ. P. 11.03(a). Specifically, appellant asserts that notice was not received until after the district court dismissed the OFP in August 2005. The record supports appellant's position. Respondent first requested attorney fees orally at an unrelated marriage-dissolution hearing in September 2005. The letter requesting attorney fees followed soon thereafter. The request for attorney fees was entered after the conclusion of litigation regarding the OFP and therefore does not advance the purpose of deterrence under the statute and the rule.

The proper procedure for obtaining a domestic-abuse-related OFP in Minnesota is codified in Minn.Stat. § 518B.01 (2004). The procedure for obtaining an ex parte OFP is fast-moving, and thus adherence to the procedural guidelines set forth in Minn.Stat. § 549.211 and Minn. R. Civ. P. 11 is admittedly difficult. But for the recovery of attorney fees under these provisions, it would require legislative action to make an exception to the "safe-harbor" requirement where the party seeking attorney fees has been subject to a bad-faith ex parte OFP. *See Martinco v. Hastings,* 265 Minn. 490, 497, 122 N.W.2d 631, 638 (1963) (holding that a change in the statutes must come from the legislature).

Because respondent's oral request and letter requesting attorney fees came after the dismissal of the OFP and almost nine months after respondent's first motion to modify the OFP, they fail to satisfy the "safe-harbor" provisions of the statute and the rule. Appellant was not afforded time to withdraw or appropriately correct the challenged conduct pursuant to Minn. Stat. § 549.211 and Minn. R. Civ. P. 11. While the district court has the authority to assess sanctions under these provisions, that authority is circumscribed by the 21–day "safe-harbor" provisions of the statute and the rule. By failing to apply the mandatory "safe-harbor" provision, the district court erred as a matter of law.

## DECISION

Because we conclude that the district court erred as a matter of law when it awarded attorney fees despite respondent's failure to adhere to the mandatory "safe-harbor" provisions of Minn.Stat. § 549.211 (2004), and Minn. R. Civ. P. 11, we reverse.

**Reversed.**