Harlan POPPLER, et al., Respondents,

v.

WRIGHT HENNEPIN COOPERATIVE
ELECTRIC ASSOCIATION,
Appellant.

No. A12–1615.

Supreme Court of Minnesota.

April 9, 2014.

B.J. Hammarback, David L. Sienko, Hammarback Law Offices, S.C., River Falls, Wisconsin, for respondents.

Scott V. Kelly, Daniel J. Bellig, Joseph A. Gangi, Farrish Johnson Law Office, Chtd., Mankato, Minnesota, for appellant.

## OPINION

LILLEHAUG, Justice.

Harlan Poppler, Jennifer Poppler, and Roy Marschall (the Popplers) sued Wright–Hennepin Cooperative Electric Association (Wright–Hennepin) for stray voltage that allegedly injured their herd of dairy cows. A jury returned a special verdict awarding the Popplers $753,200 in damages, and judgment was entered thereon. Post-trial, the district court granted Wright–Hennepin's motion to amend the judgment to itemize the jury's damages award into six categories. The court of appeals affirmed in part, reversed in part, and remanded for a new trial on the issue of damages, concluding that the district court lacked authority to itemize the jury's damages award. We granted review on the single issue of the authority of the district court to make post-judgment supplemental findings on the jury's verdict. We affirm.

### I.

The Popplers own a dairy farm in Wright County. In late 2007 and early 2008, the Popplers noticed a decrease in their dairy herd's milk production and an increase in herd health problems. The Popplers suspected that stray voltage was to blame.[1]

The Popplers sued Wright–Hennepin for stray voltage on theories of negligence, nuisance, and trespass.[2] At trial in March

---

1. Stray voltage is "a phenomenon in which an electrical current—voltage that returns to the ground after powering an appliance—passes through an object not intended as a conductor." *Siewert v. N. States Power Co.,* 793 N.W.2d 272, 276 (Minn.2011).

2. The Popplers also brought claims for res ipsa loquitur, negligence per se, and strict

2012, one of the Popplers' experts, Dr. Michael Behr, testified that the Popplers had suffered $753,200 in damages as of September 30, 2011. He further testified that since September 30, 2011, the Popplers had suffered an additional $70,000 to $80,000 in damages.

To arrive at these figures, Dr. Behr divided the Popplers' damages into five categories: (1) "milk loss" (monetary loss attributable to the difference between the actual milk produced and what the dairy farm would have produced but for the stray voltage); (2) "young stock loss" (monetary loss from fewer sales of small male calves for beef production); (3) "cull cow loss" (monetary loss from fewer sales of cows for beef production); (4) "excess costs" (cost of rebuilding the Popplers' electrical line); and (5) "capital loss" (cost of rebuilding the Popplers' herd back to a normal condition). Because some of the Popplers' dairy cows allegedly died from stray voltage, Dr. Behr created a sixth category, "cost saving," to account for the reduced maintenance costs of the smaller herd.

At the close of evidence, both the Popplers and Wright–Hennepin proposed special verdict forms. Wright–Hennepin asked that the jury itemize damages by using the six categories from Dr. Behr's report. The district court declined Wright–Hennepin's request and instead adopted a special verdict form that classified damages by cause of action.

In closing argument, the Popplers asked the jury to award $917,130 in damages. This amount consisted of the $753,200 in damages through September 30, 2011, as supported by Dr. Behr's report; plus $75,000 from September 30, 2011, to the time of trial as supported by Dr. Behr's

testimony; plus $88,930 in other types of damages, most of which was the cost to rewire the farm (an expense that was not included in the "excess costs" category in Dr. Behr's report).

During deliberations, the jury asked the district court for "the most current damages report." By agreement of the parties, the district court directed the jury to Dr. Behr's report.

On March 19, 2012, the jury found that Wright–Hennepin had been negligent, had created a nuisance, and had trespassed. The jury found that the Popplers had suffered $648,200 in damages for "Negligence and/or Trespass" and $105,000 in damages for "Nuisance." In total, the jury awarded the Popplers $753,200. The district court entered judgment for the Popplers in that amount.

Believing that the jury's damages award came from Dr. Behr's written report, Wright–Hennepin moved, post–trial, that the district court issue supplemental findings itemizing the $753,200 judgment. Wright–Hennepin also challenged any award of "milk loss" on the theory that the Popplers had not adequately proved lost profits.

Citing Minn. R. Civ. P. 49.01(a)—the rule that governs special verdicts—the district court granted the motion to itemize. The district court stated that "interests of justice" required the itemization because "the jury's damage award replicates the total amount of damages set forth in" Dr. Behr's report. But the district court denied Wright–Hennepin's challenge to the "milk loss" category of damages and therefore denied Wright–Hennepin's motion for

product liability, but only negligence, nuisance, and trespass were submitted to the

jury.

judgment as a matter of law and remittitur, or alternatively for a new trial.

Wright–Hennepin appealed. Among other issues, Wright–Hennepin argued that "milk loss" was not a recognized category of damages under Minnesota law and that, in any event, the Popplers had not proved lost profits. The Popplers cross-appealed and argued that the district court did not have authority to amend the judgment to itemize the jury's damages award.

The court of appeals affirmed in part, reversed in part, and remanded for a new trial on the issue of damages. *Poppler v. Wright Hennepin Coop. Elec. Ass'n,* 834 N.W.2d 527, 533 (Minn.App.2013). Of relevance here, the court of appeals held that, under Minn. R. Civ. P. 49.01(a), the district court lacked authority to amend the judgment to itemize the jury's damages award because the issue of damages was not omitted from the jury's special verdict form. *Poppler,* 834 N.W.2d at 545. The court of appeals reasoned that the district court was able to order entry of judgment in the amount of $753,200 without any need for additional findings. *Id.* Similarly, the court of appeals held that Minn. R. Civ. P. 52.01—the rule that governs findings by a district court—did not provide a legal basis for the district court's itemization. *Poppler,* 834 N.W.2d at 545.

The court of appeals also held that the Popplers' "milk loss" was not a proper measure of damages and that the Popplers had not proved lost profits. *Id.* at 545–49. But without an itemized damages award, the court of appeals was unable to determine the extent to which the jury awarded damages based on "milk loss." *Id.* at 548–49. Thus, it remanded for a new trial on damages. *Id.* at 549.

Wright–Hennepin petitioned for further review on numerous issues, and the Popplers cross-petitioned. We granted only Wright–Hennepin's petition, and only "as

to the issue of the authority of [the] district court to make supplemental findings."

## II.

Wright–Hennepin argues that Minn. R. Civ. P. 49.01(a), Minn. R. Civ. P. 52.02, and the judiciary's inherent power authorized the district court to amend the judgment by supplemental findings itemizing the jury's damages award. Wright–Hennepin's argument presents a question of law, which we review de novo. *See Kastner v. Star Trails Ass'n,* 646 N.W.2d 235, 238 (Minn.2002); *State v. Pflepsen,* 590 N.W.2d 759, 763 (Minn.1999). We also review de novo the interpretation and application of the Minnesota Rules of Civil Procedure. *In re Skyline Materials, Ltd.,* 835 N.W.2d 472, 474 (Minn.2013).

### A.

Wright–Hennepin first argues that Minn. R. Civ. P. 49.01(a) authorized the district court to amend the judgment. We disagree.

Rule 49.01(a) governs the use of special verdicts. A special verdict requires a jury to decide specific issues or facts of a case rather than ruling generally upon all issues. *See Kluge v. Benefit Ass'n of Ry. Emps.,* 276 Minn. 263, 273, 149 N.W.2d 681, 688 (1967). District courts have broad discretion to decide whether to use special verdicts and what form special verdicts are to take. Minn. R. Civ. P. 49.01(a); *Hill v. Okay Constr. Co.,* 312 Minn. 324, 340, 252 N.W.2d 107, 118 (1977).

A jury's findings by special verdict are binding on the court. *Wormsbecker v. Donovan Constr. Co.,* 247 Minn. 32, 43, 76 N.W.2d 643, 651 (1956). But district courts have some authority to make factual findings to supplement a special verdict. *See, e.g., Hill,* 312 Minn. at 344, 252

N.W.2d at 120. Under Rule 49.01(a), if the special verdict form *"omits* any issue of fact raised by the pleadings or by the evidence, each party waives the right to a trial by jury of the issue so omitted unless before the jury retires the party demands its submission to the jury." (Emphasis added). Rule 49.01(a) then clarifies that "[a]s to an issue *omitted* without such demand, the court may make a finding." (Emphasis added).

■ We explained the scope of Rule 49.01(a) in two decisions: *Hill v. Okay Construction Co.* and *Milner v. Farmers Insurance Exchange.* In *Hill,* we stated that, under Rule 49.01(a), a district court has authority to make additional factual findings that "are necessary to render a judgment." 312 Minn. at 344, 252 N.W.2d at 120 (approving the district court's additional factual findings because they "merely add[ed] necessary, consistent details to the findings of the jury"). Likewise, in *Milner,* we stated that "[i]ssues of fact that are not submitted to the jury on the special verdict form are left to the district court to decide." 748 N.W.2d 608, 618 (Minn.2008). In other words, Rule 49.01(a) grants a district court authority to make supplemental findings only if an issue of fact, raised by the pleadings and evidence, was *omitted* from the special verdict form.

Turning to the pleadings and evidence in this case, there were essentially five issues of fact: (1) was there stray voltage on the Popplers' dairy farm?; (2) was Wright–Hennepin responsible for the stray voltage?; (3) did the Popplers suffer damages as a consequence of the stray voltage?; (4) was Wright–Hennepin liable for the Popplers' damages on theories of negligence, nuisance, or trespass?; and (5) what sum of money would compensate the Popplers for the damages suffered? A review of the special verdict form reveals that all of these five issues of fact were covered by the questions on the form; none was omitted. The district court was able to—and did—order entry of judgment in the amount of $753,200 without any need for additional fact-finding. Accordingly, the district court's later amendment of the judgment was without authority under Rule 49.01(a).

Wright–Hennepin replies that the special verdict form did omit an issue of fact by failing to ask the jury to *itemize* damages. But itemization is a matter of form, not an "issue of fact." On matters of form, a district court has broad discretion. In directing the jury to categorize damages by cause of action rather than by the categories in Dr. Behr's report, the district court exercised its discretion. Neither party claims the district court abused it.

Because no issue was omitted from the special verdict form, Rule 49.01(a) does not provide authority for the district court's amendment of the judgment.

## B.

■ Wright–Hennepin next argues that Minn. R. Civ. P. 52.02 authorized the district court to amend the judgment. This argument misses the mark.

Minnesota Rule of Civil Procedure 52 governs findings by a district court and consists of two subparts: Rule 52.01 and Rule 52.02. Rule 52.01 outlines the procedure and standards for factual findings made by a district court. By its own words, Rule 52.01 is inapplicable to this case because the rule is limited to "actions tried upon the facts without a jury or with an advisory jury." Rule 52.02 describes the procedures for amending the factual findings referenced in Rule 52.01. Rule 52.02 states in relevant part: "Upon motion of a party served and heard not later than the times allowed for a motion for

new trial pursuant to Rule 59.03, the court may amend its findings or make additional findings, and may amend the judgment accordingly if judgment has been entered."

Wright–Hennepin relies on Rule 52.02's "make additional findings" provision to argue that the rule gave the district court authority to supplement the jury's findings by special verdict. But we read our rules "in light of one another" and "according to their purpose." *Mingen v. Mingen*, 679 N.W.2d 724, 727 (Minn.2004). Read in context and in light of Rules 49.01(a) and 52.01, it is clear that Rule 52.02, like Rule 52.01, does not apply to special verdicts.

Aptly, Rule 52 is captioned "Findings by the Court." Rule 52.01 grants a district court authority to make findings in cases without a jury or with an advisory jury, and Rule 52.02 allows the district court to amend those findings. If applied to jury cases, Rule 52.02 would directly conflict with Rule 49.01(a) and the constitutional right of trial by jury, Minn. Const. art. I, § 4. *See, e.g., In re Civil Commitment of Giem*, 742 N.W.2d 422, 429 (Minn.2007) (construing a statute to avoid a constitutional confrontation).

Thus, Rule 52.02 does not provide authority for the district court's amendment of the judgment.

### C.

Finally, Wright–Hennepin argues that the judiciary's inherent power authorized the district court to amend the judgment. Specifically, Wright–Hennepin argues that because the jury awarded $753,200 in damages—the same figure from Dr. Behr's report—the district

court's itemization based on that report was an exercise of its inherent power to "construe and interpret the special verdict to determine the jury's intent." Again, we disagree.

Because of the constitutional right to trial by jury, a district court may not invade the province of the jury by disturbing the jury's findings. *See Automated Sys., Inc. v. Nat'l Indem. Co.*, 269 N.W.2d 749, 753 (Minn.1978). Rather, the jury's findings are to be "liberally construed to give effect to the intention of the jury." *Reese v. Henke*, 277 Minn. 151, 155, 152 N.W.2d 63, 66 (1967). Only in limited circumstances have we allowed the judiciary to supplement a jury's findings.[3]

Here, in amending the judgment to itemize the jury's damages award, the district court substituted its own findings for those of the jury and thereby invaded the province of the jury. Precisely how the jury arrived at its award of $753,200 in damages is speculative. Of course it is possible that the jury awarded every dollar in Dr. Behr's written report, in precisely the amounts in each category, while rejecting completely both Dr. Behr's testimony about $70,000 to $80,000 of damages after September 30, 2011, and the Popplers' testimony about their other damages. We can understand how Wright–Hennepin and the district court might consider the $753,200 number to be more than mere coincidence.

But it is also plausible that the jury arrived at the $753,200 award by a different route. For example, the jury could have discounted the $753,200 figure by approximately 10%, but then awarded the $75,000 in damages the Popplers requested to the time of trial. Indeed, there are

---

3. *See, e.g., Automated Sys.*, 269 N.W.2d at 753 (recognizing district court power to interpret a jury's findings if a fact is implied by the jury's answers); *Meinke v. Lewandowski*, 306 Minn. 406, 412, 237 N.W.2d 387, 391–92 (1975) (recognizing district court has inherent power to harmonize a jury's findings if the jury's answers are inconsistent).

multiple scenarios whereby the jury could have arrived at $753,200 by any combination of the $917,130 claimed by the Popplers. Without bringing back the jury and reconstructing its deliberations, we will never know how the jury arrived at its verdict. To do so would invade the province of the jury. By guessing at the allocation of damages, the district court's amended judgment did precisely that.

For these reasons, the district court had no authority, by rule or by inherent power, to amend the judgment to itemize the jury's damages award.

Affirmed.