*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1604**

Gail R. Trotta,
Respondent,

vs.

Duluth Realty Company,
Defendant,

Randy Underthun, et al.,
Appellants.

**Filed April 27, 2015
Reversed and remanded
Reilly, Judge**

St. Louis County District Court
File No. 69DU-CV-14-45

Mark V. Steffenson, Craig T. Dokken, Lauren M. Krueger, Henningson & Snoxell, Ltd., Maple Grove, Minnesota (for respondent)

Greg C. Gilbert, Gilbert Law Office, Duluth, Minnesota (for appellants)

Considered and decided by Reilly, Presiding Judge; Ross, Judge; and Kirk, Judge.

## U N P U B L I S H E D   O P I N I O N

**REILLY**, Judge

Appellants challenge the district court's imposition of monetary sanctions, arguing that the sanctions must be reversed because respondent failed to comply with the 21-day

safe harbor required by Minn. Stat. § 549.211 (2014) and Minn. R. Civ. P. 11.03. We reverse and remand.

**FACTS**

Respondent Gail Trotta sold her realty company to appellants Randy and Sherri Underthun under the terms of a purchase agreement. The Underthuns later defaulted on payments due under the purchase agreement and then filed for bankruptcy protection. Trotta initiated this lawsuit against the Underthuns for breach of contract and unjust enrichment, seeking a return of the realty company's stock shares and business assets. Trotta filed the summons and complaint in January 2014, and the case was assigned to an expedited litigation track pilot project with a pretrial conference to be held on June 2 and a court trial to be held on June 17, 2014.

The parties engaged in settlement negotiations in the months leading up to the scheduled pretrial conference. One of the contested issues was the transfer of the realty company's domain name. The Underthuns maintained that they were unable to surrender the domain name until January 2015. It was later discovered that the domain name had been purchased by a third party and that the Underthuns were merely leasing the use of the domain name, such that the domain name could not be transferred to Trotta. The Underthuns also maintained that a settlement could not be reached until they obtained a Wisconsin real estate license that would permit them to operate a new realty company. The Underthuns claimed to have applied for a license prior to February 2014 and asserted that it could take months for a license to be approved. It was later discovered that the Underthuns did not apply for a Wisconsin real estate license until the end of March 2014

2

and that a license was issued in less than a week. On several occasions during the settlement negotiations, Trotta's attorney notified the Underthuns' attorney that Trotta would be seeking an award of attorney fees based on the Underthuns' pattern of causing delays and refusing to cooperate with settlement.

At the pretrial conference on June 2, the parties informed the district court that "the case was most likely settled," and Trotta stated that she would be filing a motion for rule 11 sanctions. On June 4, the district court ordered the Underthuns to send corporate documents to Trotta by overnight delivery and to abandon use of the domain name no later than June 10. The district court's order also stated, "[Trotta] indicates an intention to file a Rule 11 motion. If that is to be done, [it] should be filed so that a hearing can take place on what would have been the first day of trial, June 17, 2014."

Trotta then moved for an award of attorney fees under Minn. Stat. § 549.211 and Minn. R. Civ. P. 11, arguing that the Underthuns had delayed settling the case, used "bad faith litigation tactics," and "stall[ed] as long as they were able" in order to continue operating the realty company despite their breach of the purchase agreement. This motion was both served on the Underthuns and filed in district court on June 12. In responding to the motion, the Underthuns pointed out that they were not given 21 days after service of Trotta's motion to correct the offending behavior before the motion was filed.

The Underthuns did not comply with the district court's June 4 order pending the motion hearing. At the June 17 hearing, Trotta's attorney argued that the 21-day notice requirement in section 549.211 and rule 11 was satisfied because the Underthuns had

been notified during the settlement negotiations that Trotta would be seeking an award of attorney fees. The district court granted Trotta's motion and ordered the Underthuns to pay $22,026.61 in sanctions. The district court determined that the Underthuns had been given sufficient notice that Trotta would be seeking sanctions and that sanctions were warranted because the Underthuns had "taken positions with regard to this case that were non-meritorious, and engaged in vexatious litigation simply for the purpose of delaying the outcome." This appeal followed.

## D E C I S I O N

The Underthuns argue on appeal that the imposition of sanctions must be reversed because a procedural requirement of Minn. Stat. § 549.211 and Minn. R. Civ. P. 11 was not followed. An award of sanctions under section 549.211 or rule 11 is reviewed for an abuse of discretion. *Collins v. Waconia Dodge, Inc.*, 793 N.W.2d 142, 145 (Minn. App. 2011), *review denied* (Minn. Mar. 15, 2011). But the application of a statute or procedural rule to undisputed facts presents a question of law that is reviewed de novo. *Poppler v. Wright Hennepin Coop. Electric Ass'n*, 845 N.W.2d 168, 171 (Minn. 2014) (applying rules of civil procedure); *Anderson v. Christopherson*, 816 N.W.2d 626, 630 (Minn. 2012) (applying a statute).

By presenting a document to a court, an attorney certifies that the document is not presented for an improper purpose and that the contentions in the document are warranted and have, or are likely to have, evidentiary support. Minn. Stat. § 549.211, subd. 2; Minn. R. Civ. P. 11.02. "If, after notice and a reasonable opportunity to respond, the

4

court determines that [this principle] has been violated, the court may . . . impose an appropriate sanction . . . ." Minn. Stat. § 549.211, subd. 3; Minn. R. Civ. P. 11.03.

> A motion for sanctions . . . must be made separately from other motions or requests and describe the specific conduct alleged to [constitute the violation]. It must be served . . . but may not be filed with or presented to the court unless, within 21 days after service of the motion, or another period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Minn. Stat. § 549.211, subd. 4(a); *see also* Minn. R. Civ. P. 11.03(a)(1) (establishing the same 21-day notice requirement). This 21-day notice requirement is referred to as the "safe-harbor provision." *See, e.g.*, *Johnson ex rel. Johnson v. Johnson*, 726 N.W.2d 516, 518 (Minn. App. 2007); *In re Claims for No-Fault Benefits Against Progressive Ins. Co.*, 720 N.W.2d 865, 874 (Minn. App. 2006), *review denied* (Minn. Nov. 22, 2006).

Compliance with the safe-harbor provision is mandatory. *Johnson*, 726 N.W.2d at 518; *see also Dyrdal v. Golden Nuggets, Inc.*, 672 N.W.2d 578, 590 (Minn. App. 2003) (stating that even "substantial compliance" with the procedural requirements of section 549.211 and rule 11 is insufficient), *aff'd on other grounds*, 689 N.W.2d 779 (Minn. 2004). A court that fails to apply the safe-harbor provision "err[s] as a matter of law." *Johnson*, 726 N.W.2d at 519 ("While the district court has the authority to assess sanctions . . . that authority is circumscribed by the 21-day safe-harbor provisions of the statute and the rule." (quotation marks omitted)). An imposition of sanctions following noncompliance with the safe-harbor provision must be reversed. *See, e.g.*, *id.*;

*Progressive Ins.*, 720 N.W.2d at 874; *Gibson v. Coldwell Banker Burnet*, 659 N.W.2d 782, 791 (Minn. App. 2003).

Trotta's motion for an award of attorney fees under section 549.211 and rule 11 was served on the Underthuns and filed in district court on the same day. Trotta argues, and the district court determined, that the Underthuns had sufficient notice of potential sanctions because Trotta stated during the settlement negotiations that she would be seeking an award of attorney fees. Although the Underthuns may have been given informal advance notice of a request for sanctions, section 549.211, subdivision 4(a), and rule 11.03(a)(1) require a 21-day safe harbor after *service of the motion* for sanctions. Section 549.211, subdivision 4(a), and rule 11.03(a)(1) permit a court to prescribe a different period between service of the motion and its filing, but the district court in this case did not prescribe a different period after service of the motion. Rather, the district court set the motion hearing for a certain day and disregarded the safe-harbor provision.

Trotta argues that the safe-harbor provision should be relaxed here because this case was assigned to an expedited litigation track pilot project, which is meant to facilitate cost-effective and efficient case processing. However, the Special Rules for the Pilot Expedited Civil Litigation Track do not provide for abrogation of the service or notice requirements of statutes or other court rules, and Trotta points to no authority indicating that such requirements need not be followed in a case assigned to the expedited litigation track pilot project. *See* Spec. R. Pract., Sixth Jud. Dist. 1-4.

Finally we note that, as part of its function to dispose of cases, a district court has the inherent authority to award attorney fees as a sanction. *Peterson v. 2004 Ford Crown*

6

*Victoria*, 792 N.W.2d 454, 462 (Minn. App. 2010). A district court may exercise this inherent authority "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 2133 (1991) (quotations omitted)). Trotta asks this court to construe the district court's sanctions award as an exercise of inherent authority. Trotta moved for an award of attorney fees under section 549.211 and rule 11, and the district court cited section 549.211 and rule 11 when granting that motion. Although the district court found—and the record supports that finding— that the Underthuns "engaged in vexatious litigation," took positions "that were non-meritorious" and that "lack[ed] any reasonable factual basis," and caused "unnecessary delay," the district court did not indicate that it was awarding attorney fees under its inherent authority. We take no position as to whether the exercise of inherent authority may be appropriate in this matter, but we reverse the district court's sanctions award and remand for further proceedings.

**Reversed and remanded.**