*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1740**

Godfrey Muturi Simba,
Appellant,

vs.

Jacqueline Wangeshi Nwachukwu, et al.,
Respondents.

**Filed September 30, 2024
Affirmed
Cochran, Judge**

Anoka County District Court
File No. 02-CV-22-3583

Godfrey Muturi Simba, Columbia Heights, Minnesota (pro se appellant)

Eric Alvin Richard, Eric Richard Law Office, Brooklyn Center, Minnesota (for respondents)

Considered and decided by Connolly, Presiding Judge; Cochran, Judge; and Frisch, Judge.

**NONPRECEDENTIAL OPINION**

**COCHRAN**, Judge

In this appeal arising from appellant's petition to recover personal property, appellant argues the district court erred by (1) denying his request for a continuance; (2) dismissing the action following appellant's failure to appear; and (3) declining to consider his post-dismissal petition for sanctions. We affirm.

**FACTS**

In July 2022, appellant Godfrey Muturi Simba filed a petition for recovery of personal property from respondents Jacqueline Wangeshi Nwachukwu and Jane Wanja Mwangi, who are Simba's sister and mother respectively. Simba's petition alleged that he leased part of a home owned by Mwangi, where he lived with her. Simba further alleged that, after he was removed from the home because of an order for protection, respondents denied him access to personal property that he left at the home. Respondents filed an answer and counterpetition alleging that Nwachukwu was paying to store Simba's personal property at a storage facility and that Simba refused to retrieve his property. Respondents requested that the district court order Simba to retrieve his personal property and reimburse respondents for the costs of moving and storing Simba's property.

The district court held a pretrial hearing on January 23, 2023. At the hearing, the district court directed respondents to provide Simba with the storage facility key and to continue paying for storage until February 21, 2023. The district court also ordered Simba to remove his items from the storage facility by February 21 and to create a list of any missing items. Respondents' attorney provided Simba the key, and the district court scheduled a remote pretrial hearing for 9:00 a.m. on February 21.

On February 14, Simba filed a petition for an extension of time to inventory his personal property in the storage facility. A deficiency notice was sent by the district court to Simba regarding the filing. On February 17, Simba notified respondents' counsel that he planned to seek sanctions against respondents and their counsel based on alleged

2

misstatements in respondents' answer and counterpetition. On that same date, Simba also provided respondents' counsel with a copy of the petition.

On the morning of February 21, Simba electronically filed a continuance request at 9:03 a.m., three minutes after the remote hearing was scheduled to begin. The filing stated that Simba "request[ed] a continuance . . . due to a medical emergency suffered yesterday" and that he "was discharged from [the] ER this morning." Simba did not contact the district court in advance of filing the request or appear at the remote hearing.

Because Simba had not appeared by 9:27 a.m. for the 9:00 a.m. remote hearing, the district court proceeded without Simba. At the start of the hearing, respondents' attorney informed the district court that he received a continuance request from Simba earlier that morning alleging that Simba had a medical emergency. The district court was unaware of Simba's request for a continuance until opposing counsel informed the district court of the request because Simba's electronic filing was not immediately available to the district court. Respondents' attorney requested that the continuance request be denied and that the lawsuit be dismissed. The district court stated it was going to dismiss the lawsuit based on Simba's failure to appear.

On March 2, the district court issued an order denying Simba's continuance request and dismissing the matter without prejudice. The district court determined that Simba's continuance request was untimely and that the record did not support that Simba was unable to attend the remote hearing because of a medical emergency. The district court did not enter a judgment of dismissal on the March 2 order.

3

On March 31, Simba filed a petition requesting that the district court impose sanctions on respondents and their counsel. The district court construed the filing as a motion to reopen the record. By an order dated April 11, the district court denied the request to reopen the record and also denied Simba's petition for sanctions.

Simba filed an appeal from the order denying his request to reopen the record, which this court dismissed as premature because the district court had not yet entered a judgment of dismissal. On October 24, 2023, the district court filed an amended order directing that judgment be entered and a judgment of dismissal was entered on October 30.

Simba appeals.

## DECISION

Simba argues that the district court abused its discretion by denying his request to continue the February 21 hearing, dismissing his action to recover personal property, and declining to consider his petition for sanctions. We consider each of Simba's challenges in turn.[1]

## I. The district court did not abuse its discretion by denying Simba's request for a continuance.

"The granting of a continuance is a matter within the discretion of the district court and its ruling will not be reversed absent a showing of clear abuse of discretion." *State v. Smith*, 932 N.W.2d 257, 268 (Minn. 2019) (quotation omitted). A district court abuses its discretion if its findings of fact are unsupported by the record, if it improperly

---

[1] Respondents did not file an appellate brief. We consider this matter on the merits under Minnesota Rule of Civil Appellate Procedure 142.03.

4

applies the law, or if it resolves the question in a manner that is contrary to logic and the facts on record. *Woolsey v. Woolsey*, 975 N.W.2d 502, 506 (Minn. 2022).

The district court denied Simba's continuance request "[d]ue to the untimeliness of" his filing and the fact that "[t]here [was] nothing in the documents filed that indicate[d] [Simba] was unable to attend the remote pretrial hearing on February 21, 2023." The district court found that Simba's request was filed at 9:03 a.m., three minutes after the hearing was scheduled to begin. The district court also found that the documents attached to his continuance request showed that Simba was discharged from the emergency room the prior night at 9:07 p.m. And the "After Visit Summary" did not include any limitations that would preclude him from participating in a remote hearing from his home the next morning. As a result, the district court determined that Simba's assertion that he was unable to attend "was inconsistent with the discharge summary date and time in the documents provided by [Simba]." The district court also explained that Simba filed the continuance request and attached documents on the morning of February 21 and "could have appeared remotely from home to ask for a continuance." Consequently, the district court concluded that the record "[did] not reflect that [Simba] was experiencing a medical emergency" on the morning of February 21 and that Simba "failed to provide sufficient information for the [c]ourt to grant a continuance over the objection by the other parties."

Simba argues that the district court abused its discretion by rejecting his request for a continuance, arguing that the district court improperly relied on respondents' counsel's description of his medical records and that he had a "valid medical emergency." We are unpersuaded. The record demonstrates that the district court initially relied on respondents'

5

counsel to describe Simba's continuance request and the accompanying medical records because, due to the timing of Simba's filing, the district court did not have access to those documents when the hearing started shortly after 9:00 a.m. But when Simba's documents became available, the district court independently analyzed Simba's accompanying medical records and his other filed documents. And based on our review, the record supports the district court's determinations. As the district court identified, none of Simba's filed documents indicated that he was experiencing a medical emergency preventing him from attending the hearing remotely. Accordingly, we discern no abuse of discretion in the district court's denial of Simba's request for a continuance based on his alleged medical emergency.

## II. The district court did not abuse its discretion by dismissing the case.

Simba also challenges the district court's dismissal of his petition to recover his personal property as a result of his failure to appear at the February 21 hearing. A district court may involuntarily dismiss an action under Minnesota Rule of Civil Procedure 41.02(a) based on a party's failure to prosecute if "the delay prejudiced the defendant" and the party's delay "was unreasonable and inexcusable." *Modrow v. JP Foodservice, Inc.*, 656 N.W.2d 389, 393-94 (Minn. 2003) (quotation omitted); *see also* Minn. R. Civ. P. 41.02(a) ("The court may upon its own initiative, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court."). We review such a dismissal for an abuse of discretion. *Modrow*, 656 N.W.2d at 395.

6

In its order dismissing the action, the district court determined that, although Simba received notice that a hearing would be held remotely on February 21, Simba filed an untimely continuance request rather than contact court administration or appear remotely from home. The district court also noted respondents' concerns that Simba's "alleged illness and continuance request are excuses to further delay the proceedings to force them to pay out additional money to store his property." The district court further explained that the record reflected that Simba did not comply with the order to remove his personal property by February 21, 2023 and that, "[e]ven if it's true that [Simba] had been ill, it does not explain [Simba's] inaction despite having a month to comply with the [c]ourt's January 23, 2023 [o]rder and gives credence to [respondents'] concern that [Simba] is engaging in stall tactics." The district court dismissed the action, without prejudice, based on its denial of Simba's continuance request and Simba's unexcused failure to appear at the remote hearing.

Simba first asserts that the district court violated his due-process rights by dismissing the case rather than continuing the hearing. "Although we generally review a district court's refusal to continue or reschedule a hearing for a future date for abuse of discretion, as the United States Supreme Court has recognized, there is a point when a denial of a continuance is so arbitrary as to violate due process." *In re Welfare of Child. of G.A.H.*, 998 N.W.2d 222, 236 (Minn. 2023) (quotation and citation omitted). "In assessing whether that line has been crossed in a particular case, we look at the reasons offered by the party seeking a continuance when the request for more time is made." *Id.* As outlined above, the record supports the district court's determination that Simba was

not experiencing a medical emergency that prevented him from attending the remote hearing. We therefore conclude that, given the circumstances of this case, Simba has not shown a due-process violation.

Simba also argues that the district court improperly transferred his property to respondents and thus unlawfully "extinguish[ed]" his property rights and violated Minnesota landlord-tenant laws. Simba's argument misconstrues the district court's order. The district court did not award Simba's property to respondents, nor did the district court adjudicate whether respondents properly handled Simba's personal property. Rather, the district court dismissed Simba's petition without prejudice based on his unexcused failure to appear. The district court did so after considering the prejudice to respondents and the nature of Simba's delay, as required for a dismissal under rule 41.02. *See Modrow*, 656 N.W.2d at 394. Thus, because Simba's contentions do not address the district court's authority to involuntarily dismiss a case based on a defendant's nonappearance, he has not shown that the district court erred.[2] *See Waters v. Fiebelkorn*, 13 N.W.2d 461, 464-65 (Minn. 1944) ("[O]n appeal error is never presumed. It must be made to appear affirmatively before there can be reversal . . . [and] the burden of showing error rests upon the one who relies upon it.").

---

[2] Simba asserts that the district court erred by failing to rule whether he had a valid lease and thus did not afford Simba the protections of Minnesota landlord-tenant laws governing a tenant's property. But as addressed above, the district court's dismissal was based on Simba's failure to appear, not a conclusion that Simba's personal property was unprotected by landlord-tenant laws. Any error in failing to address the validity of the lease is therefore harmless. *See* Minn. R. Civ. P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").

8

In sum, Simba has not shown that the district court abused its discretion by dismissing the action, without prejudice, after Simba failed to appear at the remote hearing.

### III. The district court did not err by declining to consider Simba's petition for sanctions.

Finally, Simba argues that the district court erred by declining to consider his petition for sanctions, which he filed after the district court dismissed the original action. Minnesota Rule of Civil Procedure 11 and its statutory analogue, Minnesota Statutes section 549.211 (2022), authorize a party to move for sanctions against opposing counsel for certain violations of these provisions, such as falsely claiming that allegations in a claim, defense, or counterclaim or other similar document filed with the district court "have evidentiary support." Minn. R. Civ. P. 11.02-.03; Minn. Stat. § 549.211, subds. 2-3. A motion for sanctions must be served consistent with Minnesota Rule of Civil Procedure 5. But the motion cannot "be filed with or presented to" the district court within 21 days of service due to a safe-harbor period. Minn. R. Civ. P. 11.03(a)(1); Minn. Stat. § 549.211, subd. 4(a). The 21-day safe-harbor period gives opposing counsel an opportunity to withdraw the challenged document containing the allegedly false statements or appropriately correct the alleged violation. Minn. R. Civ. P. 11.03(a)(1); Minn. Stat. § 549.211, subd. 4(a). Only if the alleged violation is not corrected within 21 days may the motion for sanctions be filed or presented to the district court. Minn. R. Civ. P. 11.03(a)(1); Minn. Stat. § 549.211, subd. 4(a). If the party seeking sanctions does not comply with the safe-harbor procedures, "the motion for sanctions must be rejected." *Gibson v. Coldwell Banker Burnet*, 659 N.W.2d 782, 789 (Minn. App. 2003).

9

Simba contends that he complied with the 21-day safe-harbor requirement before filing his petition for sanctions and therefore the district court erred by declining to consider the petition. We are unconvinced. Here, the safe-harbor period began on February 17, when Simba provided respondents' counsel with his petition for sanctions based on alleged misstatements in respondents' answer and counterpetition. At a hearing on February 21, just four days into the 21-day safe-harbor period, respondents' attorney requested dismissal of the lawsuit in its entirety. Respondents did not seek further relief based on their counterpetition. And during that same hearing, the district court stated it was dismissing the matter. Accordingly, the lawsuit, including the challenged answer and counterpetition, was dismissed on the record on February 21. Thus, the record establishes that respondents' attorney effectively withdrew the answer and counterpetition, the document which gave rise to the alleged violations, within the safe-harbor period. *See id.* at 790 (explaining that the safe-harbor provision is intended to give the offending party time to "withdraw the improper papers or otherwise rectify the situation" (quotation omitted)). And because a motion for sanctions "shall not be filed" if a challenged document is withdrawn, we are unpersuaded that the district court erred by declining Simba's request to consider his petition. Minn. R. Civ. P. 11.03(a)(1); *see also* Minn. Stat. § 549.211, subd. 4(a); *cf. Johnson ex rel. Johnson v. Johnson*, 726 N.W.2d 516, 519 (Minn. App. 2007) (concluding that district court erred "[b]y failing to apply the mandatory 'safe-harbor' provision").

In sum, Simba has not established that the district court erred by declining to consider Simba's petition for sanctions.

**Affirmed.**